**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| WALTER JAYNES, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 04-856C<br>(Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO**
**PLAINTIFFS' THIRD COMPLAINT**

For its answer to the third amended complaint, defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 of the third amended complaint constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegation contained in the first sentence of paragraph 2 of the third amended complaint that "[a]t all times material to this complaint" all plaintiffs "were employed and classified as shipwrights or were otherwise doing the work of shipwrights at the Puget Sound Naval Shipyard ("PSNS") located in Bremerton, Washington." Avers that Paul S. Scott retired in August 2003. The allegations contained in the third sentence of paragraph 2 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the fourth and fifth sentences of paragraph 2.

3. Admits the allegations contained in paragraph 3 of the third amended complaint, to the extent supported by 5 C.F.R. § 532, as cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 3.

4. Admits the allegations contained in the first sentence of paragraph 4 of the third amended complaint. Admits the allegation in the second sentence of paragraph 4 that Puget Sound Naval Shipyard ("PSNS") decided the grievance on January 18, 2000, but denies the allegation that "new rules for 'high pay'" were initiated. Avers that the grievance decision was in the nature of a settlement agreement. Further avers that the policy guidance issued by PSNS did not stem from a determination that the Shipwrights were legally entitled to "high pay," but from Mary Jane Tallman's goal of furthering the good working relationship PSNS had with Bremerton Metal Trades Council ("BMTC"). Admits the allegation contained in the third sentence of paragraph 4 that PSNS "awarded back pay for 15 work days prior to the filing of the original grievance," but all other allegations contained in the third sentence of paragraph 4 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 of the third amended complaint constitute plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 of the third amended complaint constitute plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted.

7. The allegations contained in paragraph 7 of the third amended complaint constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in paragraph 8 of the third amended complaint, to the extent supported by the filed grievance, as cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Denies the allegation in paragraph 9 of the third amended complaint that 99 employees signed "that grievance demanding their high pay." Avers that 98 additional employees signed the grievance.

10. Admits the allegation contained in the first sentence of paragraph 10 of the third amended complaint that Ms. Tallman, Superintendent for the Shipwrights, decided the referenced grievances on January 18, 2000, but denies the allegation that she "initiat[ed] new rules for high pay." Avers that the grievance decision was in the nature of a settlement agreement. Further avers that the policy guidance issued by PSNS did not stem from a determination that the Shipwrights were legally entitled to "high pay," but from Ms. Tallman's goal of furthering the good working relationship PSNS had with BMTC. Admits the allegations contained in the second and third sentences of paragraph 10 to the extent supported by the document quoted, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 10.

11. Admits the allegations contained in the first sentence of paragraph 11 of the third amended complaint. Admits the allegation contained in the second sentence of paragraph 11 that "BMTC did not challenge [PSNS's grievance] decision," but denies the allegation that the decision

"was made the basis of a prospective pay policy at PSNS." Avers that the grievance decision was in the nature of a settlement agreement.

12. Admits the allegations contained in paragraph 12 of the third amended complaint, to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in the first sentence of paragraph 13 of the third amended complaint. Admits the allegations contained in the second and third sentences of paragraph 13, to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 13.

14. Admits.

15. Admits the allegations contained in the first sentence of paragraph 15 of the third amended complaint. Admits the allegation contained in the second sentence of paragraph 15 that "the Court affirmed the district court's findings regarding jurisdiction," but denies the remaining allegations contained in the second sentence of paragraph 15. Avers that the United States Court of Appeals for the Ninth Circuit construed "plaintiffs' pleadings as alleging possible claims under the Tucker Act, 28 U.S.C. § 1491," in its May 22, 2003 decision. Admits the allegations contained in the third and fourth sentences of paragraph 15.

16. Denies the allegation contained in the first sentence of paragraph 16 of the third amended complaint that "[a]t all times material to this complaint Plaintiffs were classified and employed as shipwrights or were otherwise doing the work of shipwrights at PSNS." Avers that Mr. Scott retired in August 2003. Also denies that all plaintiffs "were classified and employed as shipwrights or were otherwise doing the work of shipwrights at PSNS" as alleged in the first

sentence of paragraph 16. Admits the allegations contained in the second and third sentences of paragraph 16. Denies the allegations contained in the fourth sentence of paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

a. Admits the allegations contained in the first through fourth sentences of paragraph 16a of the third amended complaint. The allegations contained in the fifth sentence of paragraph 16a constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

b. Denies the allegations contained in the first sentence of paragraph 16b of the third amended complaint. Avers that Mr. Scott was hired by PSNS in August 1989. Admits the allegations contained in the second through fourth sentences of paragraph 16b. Admits the allegations contained in the fifth sentence of paragraph 16b that "[Mr. Scott] was converted to career conditional status as a shipwright in February 1998," but denies all remaining allegations in this sentence. Avers that Mr. Scott was converted to a career employee in February 2001. Denies the allegations contained in the sixth sentence of paragraph 16b. Avers that Mr. Scott served as a temporary shipwright supervisor from April 11, 1999 through May 16, 1999 and from February 18, 2001 through June 30, 2001 he served as a Production Shop Planner. Admits the allegation contained in the seventh and eighth sentences of paragraph 16b. The allegations contained in the ninth sentence of paragraph 16b constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

c. Admits the allegation contained in the first through fifth sentences of paragraph 16c of the third amended complaint. Denies the allegations contained in the sixth sentence of paragraph 16c for lack of knowledge or information sufficient to form a belief as to

their truth. The allegations contained in the seventh sentence of paragraph 16c constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

d. Admits the allegations contained in the first and second sentences of paragraph 16d of the third amended complaint. Denies the allegations contained in the third sentence of paragraph 16d for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the fourth sentence of paragraph 16d. Avers that Mr. Baker was permanently assigned to Shop 64 as a Journeyman Mechanic in November 2002. Admits the allegations contained in the fifth sentence of paragraph 16d. Denies the allegations contained in the sixth sentence of paragraph 16d for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the seventh sentence of paragraph 16d constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

e. Admits the allegations contained in the first and second sentences of paragraph 16e of the third amended complaint. Admits the allegation contained in the third sentence of paragraph 16e which states that "In 1994, [Mr. Hanberg] was transferred to Shop 64 as an Insulator ." Denies the remainder of the allegations contained in the third sentence of paragraph 16e for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the fourth sentence of paragraph 16e for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the fifth sentence of paragraph 16e. Denies the allegations contained in the sixth sentence of paragraph 16e. Avers that on March 20, 2005, Mr. Hanberg transferred to the Rigging Shop, Code 740, as a WG-5210-10/5 Rigger. Denies the allegations contained in the seventh sentence of

paragraph 16e for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the eighth sentence of paragraph 16e constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

The allegations contained in the final, unnumbered section of paragraph 16 of the third amended complaint constitute plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted.

17. Admits the allegations contained in the first through fourth sentences of paragraph 17 of the third amended complaint. Admits the allegation contained in the fifth sentence of paragraph 17 that "[t]he Shop Superintendent is [a] civilian employee of the Department of the Navy," but denies the allegation that this employee "has immediate supervision of the Plaintiffs and the Plaintiff class."

18. Admits the allegations contained in paragraph 18 of the third amended complaint, to the extent supported by the Operation Manual for the Federal Wage System, as cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 of the third amended complaint, to the extent supported by 5 U.S.C. § 5343(c)(4) and 5 C.F.R. § 532.511(a)(1), as cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20 of the third amended complaint, to the extent supported by 5 C.F.R. § 532.511(a)(2), as cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20.

21. Admits the allegations contained in paragraph 21 of the third amended complaint, to the extent supported by 5 C.F.R. § 532, Subpart E, Appendix A and Appendix II of the BMTC

Agreement, as cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 21.

22. Admits the allegations contained in paragraph 22 of the third amended complaint, to the extent supported by 5 C.F.R. § 532.511(b)(1), as cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23 of the third amended complaint, to the extent supported by 5 C.F.R. § 532.511(b)(3), as cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. Denies the allegations contained in paragraph 24 of the third amended complaint to the extent it cites 5 C.F.R. § 532.411(c). Admits the allegations contained in paragraph 24, to the extent it accurately restates the exact language of 5 C.F.R. § 532.511(c).

25. Admits the allegations contained in paragraph 25 of the third amended complaint, to the extent supported by 5 C.F.R. § 551.402(a), as cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26 of the third amended complaint, to the extent supported by 5 C.F.R. § 551.402(b), as cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Admits the allegations contained in the first, second, and third sentences of paragraph 27 of the third amended complaint. Denies the allegations contained in the fourth sentence of paragraph 27. Admits the allegations contained in the fifth sentence of paragraph 27.

28. Admits the allegations contained in the first sentence of paragraph 28 of the third amended complaint that all PSNS shipwrights are assigned to Shop 64 when located in Bremerton,

Washington. Admits the allegations contained in the second through eighth sentences of paragraph 28.

29. Admits.

30. Admits the allegations contained in the first, second, and third sentences of paragraph 30 of the third amended complaint. Avers that the hazards are planned for and mitigated. Further avers that the hazards are the same for all trades involved in deconstruction projects. Denies the allegations contained in the fourth sentence of paragraph 30. Avers that on the continuum of unskilled to semiskilled to skilled to highly skilled work, scaffolding construction is at the lower end of the skilled range. Denies the allegations contained in the fifth and sixth sentences of paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth. Avers that bracing is used to stabilize scaffolding.

31. Denies the allegations contained in the first sentence of paragraph 31 of the third amended complaint for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 31. Denies the allegations contained in the third sentence of paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the fourth sentence of paragraph 31 that Shipwrights sometimes work in the rain and at night, but denies the remaining allegations contained in the fourth sentence of paragraph 31. Avers that the shipyard is well-lit for evening work.

32. Admits.

33. Denies.

34. Admits the allegations contained in the first sentence of paragraph 34 the third amended complaint. Denies the allegations contained in the second sentence of paragraph 34 for lack of knowledge of information sufficient to form a belief as to their truth.

35. Admits the allegations contained in the first sentence of paragraph 35 of the third amended complaint that "BMTC filed a grievance on behalf of 99 employees" in April 1999. All other allegations contained in the first sentence of paragraph 35 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation contained in the second sentence of paragraph 35 that Ms. Tallman, Superintendent for the Shipwrights, decided the referenced grievances on January 18, 2000, but denies the allegation that she "initiat[ed] new rules for high pay." Avers that the grievance decision was in the nature of a settlement agreement. Further avers that the policy guidance issued by PSNS did not stem from a determination that the Shipwrights were legally entitled to "high pay," but from Ms. Tallman's goal of furthering the good working relationship PSNS had with BMTC. Admits the allegations contained in the third and fourth sentences of paragraph 35, to the extent supported by the document quoted, which is the best evidence of its contents; otherwise denies the allegations contained in the third and fourth sentences of paragraph 35.

36. Admits the allegations contained in the first sentence of paragraph 36 of the third amended complaint. Admits the allegation in the second sentence of paragraph 36 that "BMTC did not challenge [Ms. Tallman's] decision," but denies the allegation that the decision "was made the basis of a prospective pay policy at PSNS." Avers that the grievance decision was in the nature of a settlement agreement.

37. The allegations contained in paragraph 37 of the third amended complaint constitute plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

38. Denies the allegations contained in paragraph 38 of the third amended complaint for lack of knowledge or information sufficient to form a belief as to their truth.

39. Denies the allegations contained in paragraph 39 of the third amended complaint for lack of knowledge or information sufficient to form a belief as to their truth.

40. The allegations contained in paragraph 40 of the third amended complaint constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted.

41. The allegations contained in the first sentence of paragraph 41 constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 41 of the third amended complaint.

42. The allegations contained in paragraph 42 of the third amended complaint constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

43. The allegations contained in paragraph 43 of the third amended complaint constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

44. The allegations contained in the first sentence of paragraph 44 of the third amended complaint constitute conclusions of law and plaintiffs' characterization of their case, to which no

answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 44 of the third amended complaint.

45. The allegations contained in paragraph 45 of the third amended complaint constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

46. Denies the allegations contained in paragraph 46 of the third amended complaint for lack of knowledge or information sufficient to form a belief as to their truth.

47. The allegations contained in paragraph 47 of the third amended complaint constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

48. The allegations contained in paragraph 48 of the third amended complaint constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

49. The allegations contained in paragraph 49 of the third amended complaint constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

50. The allegations contained in paragraph 50 of the third amended complaint constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

51. The allegations contained in paragraph 51 of the third amended complaint constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

52. The allegations contained in the first sentence of paragraph 52 of the third amended complaint constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 52.

53. Defendant incorporates by reference its responses to paragraphs 1 through 52 of the third amended complaint.

54. Admits the allegations contained in paragraph 54 of the third amended complaint, to the extent supported by 5 C.F.R. § 532.511 and Appendix II of the BMTC Agreement and 5 C.F.R. § 532, Subpart E, Appendix A, as cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 54.

55. The allegations contained in paragraph 55 of the third amended complaint constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

56. Denies the allegation contained in the first sentence of paragraph 56 of the third amended complaint that "[a]t all times material each Plaintiff was assigned as shipwrights or was otherwise doing the work of shipwrights at PSNS." Avers that Mr. Scott retired in August 2003. Denies the allegations contained in the second sentence of paragraph 56 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the third and fourth sentences of paragraph 56 constitute conclusions of law and plaintiffs'

characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

57. Admits the allegations contained in paragraph 57 of the third amended complaint that PSNS "resolved grievances;" denies the allegation contained in paragraph 57 that "the PSNS shipwrights were entitled to 'high pay.' Avers that the grievance decision was in the nature of a settlement agreement. Further avers that the policy guidance issued by PSNS did not stem from a determination that the shipwrights were legally entitled to "high pay," but from Ms. Tallman's goal of furthering the good working relationship PSNS had with BMTC.

58. Admits the allegation contained in the first sentence of paragraph 58 of the third amended complaint that PSNS awarded "back pay for 15 work days prior to the filing of the high pay grievance." The remaining allegations contained in the first sentence of paragraph 58 constitute conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. The remaining allegations contained in paragraph 58 of the third amended complaint constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

59. Defendant incorporates by reference its responses to paragraphs 1 through 58 of the third amended complaint.

60. Admits the allegations contained in paragraph 60 of the third amended complaint, to the extent it accurately restates the exact language of 5 C.F.R. § 532 and Appendix II of the BMTC Agreement; otherwise denies the allegations contained in paragraph 60.

61. The allegations contained in paragraph 61 of the third amended complaint constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

62. The allegations contained in paragraph 62 of the third amended complaint constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

63. Defendant incorporates by reference its responses to paragraphs 1 through 62 of the third amended complaint.

64. Denies the allegation contained in the first sentence of paragraph 64 of the third amended complaint that PSNS management "initiated new rules for high pay." Avers that PSNS issued policy guidance for "high pay" pursuant to its statutory authority and the collective bargaining agreement with BMTC. Admits the remainder of the allegations contained in the first sentence of paragraph 64 and all of the allegations contained in the second sentence of paragraph 64, to the extent supported by the document quoted, which is the best evidence of its contents; otherwise denies those remaining allegations.

65. The allegations contained in paragraph 65 of the third amended complaint constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

66. The allegations contained in paragraph 66 of the third amended complaint constitute conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Avers that plaintiffs are not entitled to the relief requested in paragraph 66 or to any relief whatsoever.

67. Denies that plaintiffs are entitled to the relief requested in paragraph 67 of the third amended complaint or to any relief whatsoever.

68. Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

1. The Court does not possess jurisdiction to entertain plaintiffs' claims.

2. Plaintiffs failed to exhaust their administrative remedies.

3. Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

4. Plaintiffs' claims are barred by the doctrine of estoppel.

5. Plaintiffs' claims are barred by the applicable statute of limitations.

6. Defendant is entitled to a set-off.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

.

OF COUNSEL:

JOHN D. NOEL
Senior Trial Attorney
Department of the Navy
720 Kennon Street, S.E., Room 233
Washington, D.C. 20374-5013

STEVEN L. SEATON
Puget Sound Naval Shipyard
1400 Farragut Avenue
Bremerton, Washington 98314-5001

August 18, 2006

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th floor
Washington, D.C. 20530
Tele: (202) 616-2377
Fax: (202) 305-7643
Steven.Mager@usdoj.gov

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 21st day of August, 2006, a copy of the foregoing "DEFENDANT'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven M. Mager
Steven M. Mager
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice