**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| WALTER JAYNES; PAUL S. SCOTT; DAVID S. PETERSON; DONALD BAKER; GORDON D. HANBERG; et al., | ) | No. 04-856C |
| Plaintiffs, | ) | Judge Miller |
| vs. | ) | |
| THE UNITED STATES, | ) | Electronically Filed on 09/11/06 |
| Defendant. | ) | |

**MOTION TO FILE 30(b)(6) DEPOSITION TESTIMONY**

Plaintiffs move for leave to file the testimony of the Shipyard pursuant to RCFC 32(a)(2). Plaintiffs are not requesting that this testimony be published in lieu of calling the individuals who testified as 30(b)(6) witnesses.

Rule 32 of the Court of Federal Claims provides that the testimony of a person taken during a deposition pursuant to RCFC 30(b)(6) "may be used by an adverse party **for any purpose**" in court proceedings.[1] The Court's Case Management Procedure 15(b) states that a party that intends to present substantive evidence through deposition testimony shall move for leave of the Court to present the testimony.

On Wednesday, March 9 and Thursday, March 10, 2005, plaintiffs deposed the Shipyard under RCFC 30(b)(6). The Shipyard designated Lynnette Niemi and Mark Winkler, among others. The selected testimony is relevant to the handling and processing of the grievance, the drafting of the grievance decision, and the method used by the Shipyard to calculate the high pay award for the shipwrights. The specific designations are attached as Appendix A.

For the foregoing reasons, plaintiffs request leave of the Court to file the Shipyard's testimony, pursuant to RCFC 32(a)(2).

[1] *See, e.g.*, *Coughlin v. Capitol Cement Co.*, 571 F.2d 290, 308 (5th Cir. 1978).

DATED this 11th day of September, 2006.

Respectfully Submitted,

s/ Donald B. Scaramastra

Donald B. Scaramastra
Jennifer A. Krebs
**Garvey Schubert Barer**
18th Floor
1191 Second Avenue
Seattle, WA 98101
Telephone (206) 464-3939
Facsimile (206) 464-0125
Attorneys for Plaintiffs