# In the United States Court of Federal Claims

| | | |
|---|---|---|
| WALTER JAYNES, et al., Plaintiffs, v. THE UNITED STATES, Defendant. | ) | No. 04-856C (Filed September 14, 2006) |

PROPOSED ORDER

During the status conference held July 5, 2006 the Court indicated that it intended to circulate a proposed order regarding the procedures that shall be applicable at trial. The Court has reviewed the defendant's filings of August 21, 2006 and the plaintiffs' filings of September 11, 2006. Based on that review, the Court perceives a need to take action to ensure that, as the parties represented at the July 5, 2006 status conference, the trial will be completed by close of business on Thursday, November 9, 2006. Accordingly, the Court is considering ordering the following procedures, which it expects the parties to be prepared to discuss at the status conference on Friday, September 15, 2006, at 2 p.m. Eastern Time.

1) The trial will be held in Courtroom 18206-B at the federal courthouse at 700 Stewart Street, Seattle, Washington 98101. The trial will commence at 9:30 a.m. Pacific Time on Monday, November 6, 2006 and conclude at or before the close of business on Thursday, November 9, 2006. The trial will begin each day at 9:30 a.m. Pacific Time and conclude at 5:30 p.m. Pacific Time. The Court will take a one-hour luncheon recess and two 15-minute recesses, one during the morning session and one during the afternoon session.

2) The direct testimony of each fact witness who is not a hostile witness shall be submitted in the form of a declaration that attaches each documentary exhibit proposed to be introduced through the testimony of that witness. The parties shall file and serve, and provide Chambers with courtesy copies in paper form of, such declarations (with exhibits attached) on Monday, October 16, 2006 – two weeks prior to the pre-trial conference, which is scheduled for October 30, 2006.

3) The declarations described in the previous paragraph shall be in lieu of the witness's direct examination. Each party may examine hostile witnesses in its case, conduct cross-examination of witnesses presented by its adversary, and conduct redirect examination of its own witnesses in the usual manner.

4) Any documentary exhibits that are not offered through the testimony of a witness shall be accompanied by a memorandum of no more than a single page explaining the relevance of the proposed exhibit. The parties shall file and serve, and provide courtesy copies to chambers in paper form of, such proposed exhibits and memoranda on Monday, October 16, 2006 – two weeks prior to the pre-trial conference.

5) Each party shall file and serve any objections it may have to its adversary's proposed testimony and trial exhibits, together with an explanation of the bases for such objections, by Monday, October 23, 2006 – one week prior to the pre-trial conference. The Court expects to rule on such objections at the pre-trial conference.

6) At trial each party shall have available four copies of its declarations and trial exhibits – one for the Court's law clerk, one for the witness, one for opposing counsel and one for the court reporter, who shall be the custodian of the official set of exhibits admitted or marked for identification and shall see that such exhibits are filed with the Clerk of the Court along with the transcript of the trial. *See* RCFC 88.1(f) and (i).

7) Each party may have a client representative present in the courtroom throughout the proceedings.

8) The Court will exclude fact witnesses from the proceedings in accordance with Federal Rule of Evidence 615. Such witnesses are not to read transcripts of or declarations setting forth the testimony of earlier witnesses prior to testifying, are not to be briefed on such declarations or testimony prior to testifying, and are not to discuss their declarations or testimony with other persons who may be called to testify after they have been excused.

9) The parties shall confer in advance of the pre-trial conference regarding the order of witnesses. Plaintiffs shall notify the Court and counsel at the pre-trial conference of the order in which they plan to present the testimony of their witnesses, and defendant shall state the anticipated duration of its cross-examination of each of plaintiffs' witnesses. Similarly, defendant shall state the order in which it plans to present the testimony of its witnesses, and plaintiffs shall state the anticipated duration of their cross-examination of each of defendant's witnesses.

10) Once a witness has been seated, counsel shall not engage in discussions with the witness relating to his or her testimony while any part of that witness's cross-examination is pending, except that counsel may seek leave of the Court to have such a discussion.

11) The parties shall be allotted 20 minutes each for opening statements and a reasonable time, to be determined at the close of all the evidence, for closing argument. The Court may request post-trial briefs if the Court is not prepared to rule at the close of trial.

s/ George W. Miller
GEORGE W. MILLER
Judge