# In the United States Court of Federal Claims

| | | |
|---|---|---|
| WALTER JAYNES, et al., Plaintiffs, v. THE UNITED STATES, Defendant. | ) | No. 04-856C (Filed September 15, 2006) |

ORDER

Pursuant to the Court's Order filed July 26, 2006, the Court and the parties participated in a telephonic status conference on Friday, September 15, 2006, to consider the procedures that should be followed in connection with the trial on the Government's affirmative defense of accord and satisfaction, scheduled to take place between November 6 and November 9, 2006, in Seattle, Washington. In that regard, the parties discussed the procedures described in the Court's Proposed Order filed September 14, 2006, as well as additional procedures intended to ensure that the trial would be completed in the four-day period that the Court and parties have previously agreed should be adequate.

The Court also requested that the Government file a reply to plaintiffs' memorandum of contentions of fact and law filed September 11, 2006. *See* Appendix A to the Rules of the Court of Federal Claims ("RCFC"), paragraph 14(c). Plaintiffs' memorandum sets forth a number of new arguments, including what appear to be substantial legal arguments, in support of the proposition that the decision/agreement, dated January 18, 2000, cannot properly be regarded as an accord and satisfaction that would bar the claims asserted by plaintiffs in this action. Having consulted with counsel, the Court ORDERS that the Government shall file and serve its reply memorandum by **Friday, October 6, 2006.**

With respect to procedures, the parties discussed, among other things, the possibility that, in lieu of the procedure set forth in the Court's Proposed Order pursuant to which to certain witnesses would submit declarations instead of testifying orally on direct examination, the Court would issue an order imposing a time limit on each side for the presentation of its case (including the conduct of cross-examination of the other party's witnesses). Given the fact that in four days

one could not expect to accomplish more than 26 hours of testimony by witnesses, the Court and counsel considered preliminarily a time limit on each side of 10 or 11 hours. The parties also discussed the possibility of modifying the Court's Proposed Order providing for written direct testimony to provide for oral direct testimony by certain additional witnesses.

The Court and the parties also discussed: 1) the need to provide for submission of a set of joint exhibits where the parties have designated the same exhibits; 2) the need to specify a date for the submission of responses to objections to exhibits; 3) eliminating the need for testimony by records custodians through pre-trial agreement on the authenticity of documents; 4) providing that parties who are natural persons will not be excluded from the proceedings pursuant to Federal Rule of Evidence 615; 5) clarifying whether the non-consultation provision set out in paragraph 10 of the Court's Proposed Order applies to witnesses who are also clients; and 6) the possibility that defendant may be able to stipulate to the accuracy of plaintiffs' proposed summary exhibits (perhaps with some modifications to take account of interpretations of handwriting), while preserving any objection by defendant on grounds of relevance. This would eliminate the necessity for calling the paralegal who prepared the summaries as a witness.

Counsel agreed that they would confer with a view toward reaching agreement on a proposed order governing procedures in connection with the trial and, in that connection, proposing, where possible, agreed resolutions of the issues identified during the status conference, including those described in the preceding paragraph. The Court requested, and with the concurrence of counsel, hereby FURTHER ORDERS that the parties shall file a Joint Status Report reflecting the results of their efforts to reach agreement on a proposed order governing procedures in connection with the trial by **Wednesday, September 20, 2006**, and that the parties shall participate in a further telephonic status conference at **2 p.m. Eastern Time on Thursday**, **September 21, 2006.** At that time, the Court, after consultation with counsel, will specify the terms of a final order governing procedures in connection with the trial.

The Court had intended to discuss at the status conference on September 15, 2006, plaintiffs' motion to file 30(b)(6) deposition testimony, filed September 11, 2006, but forgot to do so. The Court would be most appreciative if counsel for defendant could advise the Court at the September 21, 2006, status conference whether the Government objects to the admission of any part of the transcript of the 30(b)(6) deposition proffered by plaintiffs and whether the Government wishes to designate additional parts of the transcript to be introduced in evidence. *See* RCFC 32(a)(2), 32(a)(4) and 32(b). The Court will initiate the call.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge