# In the United States Court of Federal Claims

| | |
|---|---|
| WALTER JAYNES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 04-856C<br><br>(Filed September 21, 2006) |

ORDER

Pursuant to the Court's order filed September 16, 2006, the Court and the parties participated in a telephonic status conference on September 21, 2006, to consider further the procedures to be followed in connection with the trial on the defendant's affirmative defense of accord and satisfaction. The Court and the parties discussed, among other things, the procedures proposed by the parties in their Joint Status Report filed September 20, 2006. Having considered the positions of the parties as set forth in the Joint Status Report and during the status conference, the Court ORDERS that the following procedures shall be applicable:

1) The trial will be held in Courtroom 18206-B at the federal courthouse at 700 Stewart Street, Seattle, Washington 98101. The trial will commence at **9:30 a.m. Pacific Standard Time on Monday, November 6, 2006**, and conclude at or before the close of business on **Thursday, November 9, 2006**. The trial will begin each day at 9:30 a.m. Pacific Standard Time and conclude at 5:30 p.m. Pacific Standard Time. The Court will take a one-hour luncheon recess and two 15-minute recesses, one during the morning session and one during the afternoon session.

2) Defendant shall present its case first since it has the burden of proof on the affirmative defense of accord and satisfaction. Each side shall have 11 hours to present its case at trial, including cross-examination of, and objections to the testimony of, the other side's witnesses. Time consumed by objections shall be charged against the objecting party only to the extent that the Court deems an objection to have been unduly lengthy, frivolous, or made in bad faith. Time devoted to opening statements and closing arguments and to questions posed to witnesses by the Court will not count against the 11-hour limit. Each side shall have 15 minutes for opening statements and a reasonable time, to be determined by the Court at the close of all the evidence, for closing argument. The Court may request post-trial briefs if the Court is not prepared to rule at the close of the trial.

3) To avoid further inconveniencing witnesses whom both sides intend to call, such witnesses shall, in the absence of unforeseen circumstances, be required to testify only once. Thus, following the conclusion of plaintiffs' cross-examination of a witness called in defendant's case whom plaintiffs have has also designated as a witness in their own case, plaintiffs may elicit from such witness testimony that is outside the scope of defendant's direct examination. Defendant may then conduct its cross-examination with respect to such testimony, and plaintiffs may conduct any redirect examination.

4) The direct testimony of witnesses Rodney Whitcher, Rodger Brown, and Kristi Emigh may be presented by declaration. Such declarations, if any, shall be filed and served by **Friday, October 13, 2006**.

5) The parties shall file and serve a final Joint Exhibit List by **Friday, October 13, 2006**. Each side shall file and serve its revised Exhibit List by the same date. The Court understands that certain of the exhibits listed on the draft "Joint Exhibit List" attached to the parties' Joint Status Report filed September 20, 2006, may not appear on the final Joint Exhibit List (due to the possible withdrawal by the parties of previously designated exhibits) and that it is also possible that the final Joint Exhibit List may include additional joint exhibits. The parties shall cause the exhibits identified on the final exhibit lists to be ordered and titled in the manner that will be most helpful to the Court.

6) Each side shall provide to the Court (*i.e.*, to Chambers) in paper form copies of all exhibits that will be offered in evidence at trial by **Monday, October 16, 2006**. Any proposed exhibit that is not on the Joint Exhibit List and will not be offered through the testimony of a witness shall be accompanied by a memorandum, served upon opposing counsel, of not more than a single page explaining the relevance of the proposed exhibit.

7) Each side shall file and serve any objections it may have to the other side's proposed testimony or exhibits, together with an explanation of the bases for such objections, by Friday, **October 20, 2006**. All exhibits to which no objection is made by this date will be deemed offered and admitted for all purposes. Motions in limine, if any, shall be filed and served by the same date.

8) Each side shall file and serve its response to the other side's objections and to the other side's motions in limine by **Wednesday, October 25, 2006**. Replies shall be filed and served by **Friday, October 27, 2006**.

9) At trial each party shall have available four copies of its declarations and trial exhibits – one for the Court's law clerk, one for the witness, one for opposing counsel, and one for the court reporter, who shall be the custodian of the official set of exhibits admitted or marked for identification and shall see that such exhibits are filed with the Clerk of the Court along with the transcript of the trial. *See* RCFC 88.1(f) and (i).

10) The Court will exclude fact witnesses from the proceedings in accordance with Federal Rule of Evidence 615. Parties to the litigation who are also witnesses and natural persons will not be excluded. Witnesses who are excluded are not to read transcripts, of or declarations setting forth, the testimony of earlier witnesses prior to testifying; are not to be briefed on such declarations or testimony prior to testifying; and are not to discuss their declarations or testimony with other persons who may be called to testify after they have been excused.

11) The parties shall confer in advance of the pre-trial conference regarding the order of witnesses. Defendant shall notify the Court and counsel at the pre-trial conference of the order in which it plans to present the testimony of its witnesses and the likely duration of each witness's direct examination, and plaintiffs shall state the anticipated duration of their cross-examination of each of defendant's witnesses. Similarly, plaintiffs shall state the order in which they plan to present the testimony of their witnesses and the likely duration of each witness's direct examination, and defendant shall state the anticipated duration of its cross-examination of each of plaintiffs' witnesses.

12) Once a witness has been seated, counsel shall not engage in discussions with the witness relating to his or her testimony while any part of that witness's cross-examination is pending, except that counsel may seek leave of the Court to have such a discussion.

13) With respect to plaintiffs' motion to admit portions of the transcript of the 30(b)(6) deposition of defendant, the Court understands that defendant does not object to the admission of the portions proffered by plaintiffs, but does wish to designate additional portions of the transcript to be admitted in evidence. *See* RCFC 32(a)(2), 32(a)(4), and 32(b). The parties will confer with a view toward reaching agreement on the portions of the transcript to be admitted. They shall use their best efforts to file an agreed transcript by **Friday, October 13, 2006**, or as soon thereafter as is practicable. If the parties are unable to reach an agreement they shall advise the Court no later than **Friday, October 20, 2006**, and the Court will schedule a status conference to resolve the issues in dispute.

14) The parties shall confer also with a view toward reaching agreement on obviating concerns raised by the Privacy Act as it may affect certain of the exhibits proposed to be offered in evidence (*e.g.*, personnel files). If the parties are unable to reach agreement on suitable redactions they shall advise the Court no later than **Friday, October 20, 2006**, and the Court will schedule a status conference to resolve the issues in dispute.

IT IS SO ORDERED.

s/ George W. Miller
GEORGE W. MILLER
Judge