**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| WALTER JAYNES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 04-856C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE ANY ARGUMENT AND/OR EVIDENCE REGARDING WHETHER THE BREMERTON METAL TRADE COUNCIL WAS A COMPETENT PARTY TO SETTLE THIS GRIEVANCE AND WHETHER THERE WAS PROPER SUBJECT MATTER FOR THE SETTLEMENT OF THIS CLAIM**

Pursuant to this Court's order, dated September 15, 2006, the United States respectfully submits this motion in limine.

## INTRODUCTION

In their memorandum of law and fact, plaintiffs state that none of the elements of accord and satisfaction are present. Specifically, they allege that the Bremerton Metal Trades Council ("the union") was not a proper party to resolve this grievance. In addition, they aver that because the United States was already bound to pay high pay and/or because the subject matter of the grievance fell outside the scope of the parties' collective bargaining agreement (the "CBA"), there was not proper subject matter. However, this argument is directly contrary to this Court's prior decision on the Defendant's Motion for Partial Summary Judgement. At that time, the parties had fully briefed the issues of accord and satisfaction. In its decision, the Court observed that plaintiffs conceded that proper subject matter existed and the parties were competent parties. Consistent with that concession, the Court held that it "agrees that the subject matter of plaintiffs' claims would be

appropriate for accord and satisfaction and that BMTC and PSNS were competent parties to reach such a settlement." Jaynes v. United States, 68 Fed. Cl. 747, 757-58 (2005). Because of this prior ruling by the Court, the Defendant moves that the Court not allow any argument or evidence regarding those issues.

**DISCUSSION**

Motions in limine serve important gatekeeping functions. The purpose of a motion in limine is "to prevent a party before trial from encumbering the record with irrelevant, immaterial or cumulative matters." INSLAW, Inc. v. United States, 35 Fed. Cl. 295, 302-03 (1996), aff'd, 40 Fed. Cl. 843 (1998). "Such a motion enables a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial." Id. (citing Baskett v. United States, 2 Cl. Ct. 356, 359 (1983)). The Court of Federal Claims has consistently held that a ruling in limine "is a remedy designed to increas[e] trial efficiency and promot[e] improved accuracy of evidentiary determinations by virtue of the more thorough briefing and argument of the issues that are possible prior to the crush of trial." Weeks Dredging & Contracting, Inc. v. United States, 11 Cl. Ct. 37, 45 (1986) (citing Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd., 505 F. Supp. 1125, 1140 (E.D. Pa. 1980)); Int'l Graphics Div. of Moore Business Forms, Inc. v. United States, 5 Cl. Ct. 100, 104 (1984); see INSLAW, 35 Fed. Cl. at 302-03. Although some evidentiary submissions cannot be properly evaluated in the context of a motion, "the prudent use of the *in limine* motion sharpens the focus of later trial proceedings and permits the parties to focus their preparation on those matters that will be considered ...." . PR Contractors, Inc. v. United States, 69 Fed. Cl. 468, 469-70 (2006), quoting, Jonasson v. Lutheran Child & Family Services, 115 F.3d 436, 440 (7th Cir. 1997).

This case presents the proper circumstances for issuing a motion in limine. Plaintiffs have made clear that they intend to argue that the union was not a competent party to resolve this grievance and that there was no proper subject matter for a settlement. See Plaintiffs' Memorandum of Law and Fact p. 32.[1] They allege that the union was not a proper party to resolve the grievance because it did not properly follow the CBA, which governed these matters between the parties. They allege that there was no proper subject matter because payment of high pay was required by law and therefore was excluded from coverage under the CBA. Defendant has already addressed these issues in its reply to plaintiffs' memorandum of law and fact. However, these arguments bear repeating.

Prior to turning to those arguments, however, it is proper to state why this motion in limine is appropriate. As stated above, a motion in limine allows the parties to focus solely on those matters that are at issue and sharpens the focus of the trial proceedings. In other words, limiting the scope of evidence and argument eliminates the need for a party to have to prepare for matters that are not in dispute or are not issues in the litigation. Over a year ago, the Court ruled that the parties herein were competent to resolve the matter and that there was proper subject matter. Now, however, plaintiffs attempt to resurrect two issues that have already been decided by the Court, without filing for reconsideration or any showing that they could meet the standards for reconsideration. Not only does this subvert the Court's prior ruling, but it serves to blur the focus of the upcoming trial proceedings. By granting this motion, the Court will again sharpen the focus of the upcoming hearing.

---

[1]Although they do not state so specifically, plaintiffs seemingly concede that the United States would be a proper party to resolve this grievance. In any event, they do not argue in their motion that the United States was not a proper party. Their argument is limited to BMTC.

In addition to the reasons discussed just above, granting this motion is proper because the plaintiffs' arguments on proper parties and subject matter are simply legally incorrect. Plaintiffs argue that the union was not a proper party to resolve this because it failed to follow the collective bargaining agreement. Plaintiffs, however, never argue *how* this alleged failure to follow the CBA makes the union an improper party. They argue that the union should have filed a council grievance and not an employee grievance. Failure to do this means that they could not settle the grievance. But they have no support for their argument. In reality, the CBA contains flexibility and did allow the union and defendant to join the issues and have a single grievance. Section 3001(b) of the CBA states provides that the "parties agree that the filing of grievances under one or more of the procedures within this Article when the grievances address the same or similar issue(s) is an unsatisfactory method for solving problems." Accordingly, the "Employer and the Council mutually retain the right to join similar issues from the same or separate parties for the purpose of conducting a single grievance hearing." (Emphasis added). This in itself is enough to defeat plaintiffs' argument. More importantly though, as the Federal Circuit has held, the Civil Service Reform Act authorizes labor organizations to represent employees and process grievances on their behalf. When acting on their behalf, the union can bind the individual employees if it settles the grievance. See O'Connor v. United States, 308 F.3d 1233, 1241 (Fed. Cir. 2002), rehearing denied and rehearing en banc denied, 2003 U.S. App. LEXIS 3402 (Fed. Cir. Feb. 7, 2003). In this case, the parties followed the CBA. They opted to combine similar issues into one grievance. Once having done so, the inherent authority of the union made it a competent party to settle the grievance.

Similarly, as a matter of law, plaintiffs are incorrect when they say that there could not have been proper subject matter because the issue resolved was not a condition of employment. They argue that since high pay was not a condition of employment, it was excluded from coverage of the CBA pursuant to section 3001(d)(1). They also aver that since the United States was legally bound to pay high pay, there was no bona fide dispute (that is, there was nothing to negotiate over). As discussed in the Defendant's reply to plaintiffs' memorandum of law and fact, while entitlement to environmental differential pay (to include high pay) is provided for by statute, the application of that entitlement is a matter for local determination. That is, the trigger point for when to pay environmental differential pay is a local determination. See, e.g., Allen Howarth, Jr. V. United States, 41 Fed. Cl. 160 (1998). Indeed, the Federal Labor Relations Authority, the body that hears all exceptions filed to arbitration decisions in the federal sector, has repeatedly held that "the specific work situations for [when] EDP is payable ... are left to local determination, including arbitration." Department of Navy, Charleston Naval Shipyard, SC and Federal Employees Metal Trade Council, 39 FLRA No. 84, 39 FLRA 987 (March 5, 1991). Obviously since arbitration can only flow out of a grievance, local determination must also include grievances and settlement of those grievances. Thus, EDP disputes are matters that fall within the purview of a collective bargaining agreements. Also, bona fide disputes may exist because although the statute authorizes high pay, when to pay it is a matter of local determination.

Herein, a motion in limine is proper. The Court has already ruled that there was proper subject matter and proper parties. Plaintiffs, through their legally incorrect arguments, are attempting to reopen a door which has already been closed. Moreover, they

are attempting to open that door at the last minute. This attempt merely serves to confuse the issues that this Court must decide. By limiting the scope of the hearing and the evidence that needs to be introduced to prove the issues in dispute, the Court will avoid any obfuscation of issues and may clearly focus on the disputed issues: namely whether there was a meeting of the minds and whether there was consideration.

**CONCLUSION**

For all of the above reasons, the Government respectfully requests that the Court find at trial that plaintiffs' claim is barred by the doctrine of accord and satisfaction and dismiss plaintiffs' complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th floor
Washington, D.C. 20530
Tele: (202) 616-2377
Fax: (202) 305-7644

OF COUNSEL .
JOHN D. NOEL
Senior Trial Attorney
Department of the Navy
720 Kennon Street, S.E., Room 233
Washington, D.C. 20374-5013

STEVEN L. SEATON
Puget Sound Naval Shipyard
1440 Farragut Avenue
Bremerton, Washington 98314-5001

Attorneys for Defendant
October 20, 2006

**CERTIFICATE OF FILING**

I hereby certify that on this 20th day of October, 2006, a copy of the foregoing "DEFENDANT'S MOTION IN LIMINE TO PRECLUDE ANY ARGUMENT AND/OR EVIDENCE REGARDING WHETHER THE BREMERTON METAL TRADE COUNCIL WAS A COMPETENT PARTY TO SETTLE THIS GRIEVANCE AND WHETHER THERE WAS PROPER SUBJECT MATTER FOR THE SETTLEMENT OF THIS CLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven M. Mager
Steven M. Mager
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice