**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| WALTER JAYNES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 04-856C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE ANY ARGUMENT AND/OR EVIDENCE REGARDING WHETHER THE BREMERTON METAL TRADE COUNCIL WAS A COMPETENT PARTY TO SETTLE THIS GRIEVANCE AND WHETHER THERE WAS PROPER SUBJECT MATTER FOR THE SETTLEMENT OF THIS CLAIM**

Pursuant to this Court's order, dated September 21, 2006, the United States respectfully submits this reply to plaintiffs' memorandum in opposition to defendant's motion in limine. Plaintiffs proffer four arguments as to why the Government's motion in limine should be denied. Because plaintiffs fail to demonstrate that they should be permitted to re-raise the issues of competent party and proper subject matter, the Government respectfully requests that this Court grant the Government's motion in limine.

## I. The Government's Argument Is Not Improper

Plaintiffs assert that the Government is impermissibly attempting to dismiss arguments upon the merits. They argue that the Government repeats or supplements arguments raised in our earlier response to plaintiffs' statement of law and fact. With respect to such argument, the Government simply notes that on September 15, 2006, the Court ordered the Government to respond to the plaintiffs' memorandum of law and fact. The Court ordered such response

because the "[p]laintiffs; memorandum set forth a number of new arguments . . . that the decision/agreement . . . [could not] properly be regarded as an accord and satisfaction . . ." Order (Sept. 15, 2006). Specifically, plaintiffs asserted that there had been no bona fide dispute (e.g., there was not proper subject matter) and that because the matter was excluded from the collective bargaining agreement, the union was not a competent party to settle the matter. Plaintiffs' argument appears to be that because the Government had responded to the Court's order, it may not now address the same concern in a motion in limine. Plaintiffs provide no support for this position. Indeed, the fact that the two filings have elements in common is of no moment. The Court ordered the response to the memorandum of law and fact precisely because the plaintiffs had set forth "a number of new arguments." The Government's motion in limine was proper for the very same reason: issues that were raised by the Government, and ruled and decided upon by the Court were again being challenged. Given this these issues were the proper subject matter for the motion in limine.

Plaintiffs' second portion of this first argument is that our motion is a "back door attempt to obtain a ruling on the merits of [their] arguments." Pl. Mem. In Opposition To Def. Mot. In Limine at 2. The Government is not seeking to obtain a ruling upon the merits. Rather, the Government simply seeks to uphold earlier rulings made by the Court upon the elements of accord and satisfaction. This is the classic reason for filing a motion in limine. Motions in limine serve gatekeeping functions. The purpose of a motion in limine is "to prevent a party before trial from encumbering the record with irrelevant, immaterial or cumulative matters." INSLAW, Inc. v. United States, 35 Fed. Cl. 295, 302-03 (1996), aff'd, 40 Fed. Cl. 843 (1998). Because the Government had raised and the Court has already issued a ruling upon two of the

four elements of accord and satisfaction, the gate should not be reopened, and the trial should not be encumbered with irrelevant, immaterial or cumulative matters. Id.

## II. The Government's Arguments Upon The Merits Are Not Flawed

The bulk of plaintiffs' argument attempts to establish that the Government has fundamentally misstated how environmental differential pay ("EDP") (in this case, high pay) is administered in the Federal Government. Plaintiffs argue that there is no such thing as a local determination with respect to EDP (and that therefore EDP can never be a condition of employment). In other words, plaintiffs argue that there is no "triggering event" for when payment of EDP is to be made. Plaintiffs' argument is directly contrary to any number of holdings by the Federal Labor Relations Authority ("FLRA") – the organization which has primary responsibility for overseeing labor relations in the Federal Government, see 5 U.S.C. § 7104 – and to holdings of this Court. When in Department of Navy, Charleston Naval Shipyard, SC and Federal Employees Metal Trade Council, 39 FLRA No. 84, 39 FLRA 987 (March 5, 1991), the FLRA said that "the specific work situations for which EDP is payable under the categories of appendix J are left to local determination, including arbitration[]," id., it meant that the parties could negotiate over the triggering event that would entitle the party to high pay. And if the parties could not agree, then an arbitrator could determine what the local triggering event or local standard should be.

In addition, this very Court has stated the same. In Howarth v. United States, 41 Fed. Cl. 160 (1998), a case involving EDP for asbestos, the plaintiffs sought EDP for "any exposure" for asbestos. The Court disagreed. In reaching its holding, it initially

cited to the Code of Federal Regulations cite which states that each installation or activity must evaluate its situations against the guidelines in Appendix J, thus acknowledging that local standards are envisioned under the statutory scheme. It then noted that prior to the issuance of a triggering event (the permissible exposure limit), by the United States Department of Labor, Occupational Safety and Health Organization ("OSHA"), the level of exposure that would warrant EDP was left to the local agency. Id. at 163. After OSHA set a standard, and the agency adopted it, that too was a reasonable local standard. Id. at 167-68.

The Government's position is not flawed. Rather it is a fundamental construct of labor relations within the Federal Government. Case law (both in the Courts and administrative bodies) has consistently affirmed this maxim: in the Federal system, the parties can negotiate over what triggers the entitlement to EDP. And, if the parties do not agree, an arbitrator can decide that issue. In the present case, the Government does not denied that shipwrights are entitled to high pay in certain circumstances. Prior to this case, when the matter was submitted as a grievance, the parties did dispute the local triggering determination. However, after the grievance was settled, there was a local standard; namely, that encompassed in the settlement agreement.[1] Thus, while plaintiffs' argument has a surface appeal, it simply flies in the face of all case law that has dealt with this issue.

---

[1] If plaintiffs prevail in this matter, it is unclear to what extent, if any, the Puget Sound Naval Shipyard would be required to pay high pay using the current trigger.

Similarly, plaintiffs completely ignore that EDP is for situations "of an unusually severe nature." Under plaintiffs' definition, any unsure footing regardless of height would constitute high work. However, the Federal Circuit has specifically noted that entitlement to EDP must take into account whether the condition authorizing the entitlement to EDP is unusually severe. "Not all hazards give rise to entitlement." O'Neall v. United States, 797 F.2d 1576, 1581 (Fed. Cir. 1986).

Plaintiffs argue that the union failed to follow the collective bargaining agreement, and assert that the Government has conceded that the parties did not properly follow the grievance procedure by arguing "harmless error." The Government, however, has raised several arguments when addressing this issue in its response to plaintiffs' memorandum of law and fact and in its motion in limine. Indeed, as stated in our motion, the parties did not fail to follow the CBA. Section 3001(b) of the CBA explicitly authorizes both parties to join or consolidate similar issues from the same or separate parties for the purpose of conducting a single grievance hearing. The testimony at trial will establish that that is what occurred herein. Further, the Civil Service Reform Act authorizes unions to act upon behalf of their members and to compromise their rights when processing grievances. O'Connor v. United States, 308 F.3d 1233 (Fed. Cir. 2002), reh'g & reh'g en banc denied, 2003 LEXIS 3402 (Fed. Cir., Feb. 7, 2003). Thus, when we discussed the harmful error rule in the Government's reply to plaintiffs' memorandum of law and fact, it was merely to state a truism. Because the statutory scheme created by Congress authorizes Federal unions to compromise claims upon behalf of their members,

and because both the union and management believe that they settled this case, there could be no harm to the two parties authorized to resolve this grievance.

Plaintiffs' arguments are incorrect. EDP envisions a local determination. This maxim has been upheld countless times by the FLRA and Federal courts. EDP is also viewed in light of whether the activity is unusually severe, which goes hand in hand with the local determination. Finally, there was no violation of the CBA. But even if one had occurred, the conclusion that the union representatives had no authority to settle the case is simply not supported. Because the union fully agreed with the resolution, the union representative's authority under law is sufficient to bind its members.

## II. The Government Did Not Misconstrue The Trial Court's Reasoning In Its Order Denying Summary Judgment

Plaintiffs argue that the Government takes too literal of a reading of the Court's decision upon summary judgment. They aver that neither plaintiffs nor this Court actually stated that there were competent parties or proper subject matter. Rather, the Court made an abstract holding but not one based upon the facts of the case. The Government cannot speak to why the plaintiffs declined to brief an issue that the Government had properly raised upon the parties' cross-motions for summary judgment. Nevertheless, the Court did not make an abstract holding. "The Court agrees that the subject matter of plaintiffs' claims would be appropriate for accord and satisfaction and that BMTC and PSNS were competent parties to reach such a settlement." Jaynes v. United States, 68 Fed. Cl. 747, 757-58 (2005). The Government fully acknowledges that the Court is in the best position to tell the parties what that one sentence means. However, it would appear that the Court did conclude that the parties were proper parties

and that the underlying dispute was a proper subject matter; a conclusion that serves to buttress the arguments raised in both our response to plaintiffs' memorandum of law and fact and in our motion in limine. Namely, disputes over EDP may be resolved via the grievance procedure and Federal unions have authority to resolve grievances upon behalf of its members. Because the Court's conclusion was as a matter of law correct, the Government's motion in limine should be granted.

Plaintiffs further argue that because they never responded to the Government's assertions that there were competent parties and proper subject matter in this case, they could not have waived the right to raise this argument now. Plaintiffs' argument, however, only serves to buttress the Government's argument that such arguments should be barred from trial. The Government's cross-motion for summary judgment placed competent parties and proper subject matter directly in dispute. Def. Cross-Mot. Summ. J. & Opp. To Pl. Mot. Partial Summ. J. 23-26. Plaintiffs did not contest this argument in their response. See generally Pl. Resp. & Reply. They did not attempt to reserve any right to respond. Even when the Government, in its reply, stated that the plaintiffs "agree that there was both proper subject matter and competent parties to form an accord and satisfaction," plaintiffs did nothing to respond. They did not seek leave of Court to file a sur-reply, and made no effort to correct the Government's statement. It is a well settled dictum that a party that fails to raise an argument upon cross-motions for summary judgment is deemed to have waived that argument. See, e.g., Cuyahoga Metropolitan Housing Authority v. United States, 65 Fed. Cl. 534, 542 n. 10 (2005) (citing Belgrave v. Pena, 254 F.3d 384, 386 (2d Cir. 2001)); Research, Analysis, & Development, Inc. v.

United States, 8 Cl. Ct. 54, 61 n.3 (1985); Berg's Estate v. United States, 231 Ct. Cl. 466, 687 F.2d 377, 382-383 (1982). Finally, when the Court issued its decision upon the cross-motions for summary judgment, plaintiffs sought no clarification or reconsideration. Accordingly, plaintiffs should not be permitted to now challenge competent parties and proper subject matter at trial.

## IV. The Government Does Not Ignore That The Court's Order Denied The Its Cross Motion For Summary Judgment

The Government does not dispute that its motion for partial summary judgment, as with plaintiffs', was denied because there were genuine issues of material fact with respect to the question of a meeting of the minds and consideration. Jaynes, 68 Fed. Cl. at 760. The issue is whether that means that the Court's conclusion regarding proper subject matter and competent parties must be discarded. The Government does not believe that to be the case. However, the Government's motion in limine and response to plaintiffs' memorandum of law and fact do provide the Court with ample reason to again hold that there can be no dispute that proper subject matter existed and that the parties were competent to settle this grievance.

## CONCLUSION

For all of the above reasons, the Government respectfully requests that the Court grant the Government's motion in limine.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Mark A Melnick
MARK A. MELNICK
Assistant Director

/s/ Steven M. Mager
STEVEN MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th floor
Washington, D.C. 20530
Tele: (202) 616-2377
Fax: (202) 305-7644
Steven.Mager@usdoj.gov

Attorneys for Defendant

OF COUNSEL .
JOHN D. NOEL
Senior Trial Attorney
Department of the Navy
720 Kennon Street, S.E., Room 233
Washington, D.C. 20374-5013

STEVEN L. SEATON
Puget Sound Naval Shipyard
1400 Farragut Avenue
Bremerton, Washington 98314-5001

October 27th, 2006

**CERTIFICATE OF FILING**

This is to certify that on this 27th day of October, 2006, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice