**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| WALTER JAYNES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 04-856C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S STATUS REPORT**

In accordance with this Court's order of February 27, 2007, Defendant respectfully submits the following status report. The numbered paragraphs below correspond with the numbered questions posed by that order.

**(1) What, if any legal issues that are material to the disposition of this case remain unresolved?**

Defendant, the United States, states the following issues remain relevant to this case:

a. Whether the third count of the Plaintiff's Third Amended Complaint should be dismissed for lack of jurisdiction.

b. Whether the seminal issue regarding the establishment of a local policy for the payment of high pay either bars further proceedings in this Court or must be remanded to the agency itself for resolution before the issues of this case can be addressed.

c. Whether the duration of the back pay claimed by the Plaintiffs must be adjusted to reflect the October 28, 1994 date that the Civil Service Reform Act was amended to allow the plaintiffs to pursue their claim in federal court.

d. Whether there are statute of limitations issues regarding the individual plaintiffs which will affect the outcome of this case.

e. Whether the collective bargaining agreement ("CBA") between the union and the shipyard would limit the monetary claims asserted by the parties.

f. Whether the United States is entitled to set-off.

**(2) What factual issues must be resolved in order to determine whether defendant owes additional back pay to any or all of the plaintiffs and, if so, in what amount?**

Numerous factual issues, regarding individual entitlement to high pay, remain before this Court, including the amount of high work, and compliance with existing shipyard policies regarding high work. The parties have not conducted discovery regarding these issues.

**(3) How can the parties and the Court best address these unresolved factual and legal issues in a comprehensive and efficient manner ?**

Defendant respectfully request 60 days to file either a motion to dismiss or motion to remand, if appropriate, prior to the beginning of discovery. Further, the Court should set a schedule for pre-trial discovery, as detailed below.

**(4) What, if any, further pre-trial proceedings to the parties believe are necessary in order to prepare the case to be tried ?**

As noted above, defendant believes that this matter may be subject to a motion to dismiss or motion to remand with regard to local high pay policy issues and that discovery is necessary in order to prepare this case for trial.

**(5) On what schedule would the parties propose to accomplish such further pre-trial proceedings ?**

Defendant anticipates it will require 60 days to evaluate whether to file a motion to dismiss or motion to remand this matter. Defendant further anticipates that the parties will need time to conduct oral and written discovery to include depositions of all plaintiffs, time to complete the evidentiary databases, as well as time to consult with and retain experts for analysis of those databases, and time to obtain relevant payroll data from the Defense Finance Accounting Service ("DFAS") before it can properly defend this case at trial, and that a period of at least 12 months will be necessary to accomplish those discovery tasks.

With respect to further proceedings, Defendant proposes the following plan:

a. The Court stay proceedings for 60 days, pending the Defendant's determination regarding the possible filing of a motion to dismiss or motion to remand;

b. Discovery will be conducted for one year after the Court rules upon the Government's motion, or, if no motion is filed, upon the expiration of the initial 60 day period;

c. Expert witness reports, along with required disclosures, will be filed and served no later than 90 days after the conclusion of discovery;

d. Expert rebuttal reports, along with any required disclosures, be filed and served no later than 90 days after the initial filing of the expert report, except for good cause shown.

e. Expert discovery will take place for 60 days after the filing of the last expert report

**(6) What are the views of the parties with respect to the duration and location of the trial ?**

With the foregoing proposed pre-trial schedule in mind, that it is premature to estimate the duration of the trial. However, the Government proposes that the case is best served by locating the trial in Seattle, Washington.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK

s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
(202) 616-2377
Steven.Mager@usdoj.gov

Attorneys for Defendant

OF COUNSEL:

TELIN W. OZIER
Trial Attorney
Department of the Navy
720 Kennon St., S.E.
Room 233
Washington Navy Yard, D.C. 20374

STEVEN L. SEATON
Puget Sound Naval Shipyard
1400 Farragut Avenue
Bremerton, Washington 98314-5001

**CERTIFICATE OF FILING**

I hereby certify that on this 13th day of March 2007, a copy of the foregoing "DEFENDANT'S STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven M. Mager
Steven M. Mager
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice