IN THE U.S. COURT OF FEDERAL CLAIMS

NO (S) 04-856C

Pltf's. Deft's. Ex. No. 5 (No. of Sheets)

Joint Ct's. For I.D. In Evid.

FILED

DEC 5 2006

U.S. COURT OF FEDERAL CLAIMS

**EMPLOYEE GRIEVANCE (BREMERTON METAL TRADES COUNCIL)**
PSNS 12770/1 (REV 10-87)

Please print information

| 1. EMPLOYEE'S NAME | 2. POSITION TITLE | 3. SHOP & BADGE NUMBER |
|---|---|---|
| Dave Hamm et al (see attached) | Shipwright | 64-16135 |

| 4. DATE GRIEVANCE OCCURRED | 5. PLACE GRIEVANCE OCCURRED (If Applicable) | 6. SHIFT TO WHICH ASSIGNED |
|---|---|---|
| - | Shop 64, P.S.N.S. | Days |

7. NAME OF IMMEDIATE SUPERVISOR: Mary Jane Tallman

8. PROVISION(S) OF AGREEMENT, LAW, RULE OR REGULATION ALLEGED VIOLATED: Art 3, Para 0307, & Appendix J of the BMTC Agreement, Title 5 CFR Supp. 532.511 (a)(b)(c)(d) but not limited to

NOTE: An appeal of an adverse action as defined in Article 28, or a discrimination complaint as defined in Article 29, may be appealed under Article 30 at the election of the employee. To so elect, complete Blocks 14 and 15.

9. THE SPECIFIC NATURE OF THIS GRIEVANCE IS: We have been aggrieved in that Shop 64, P.S.N.S. has continually denied the the appropriate amount of high pay, 25% additional environmental differential for performing high work as outlined by the Code of Federal Regulations and the B.M.T.C. Agreement.

10. THE DESIRED CORRECTIVE ACTION PERSONAL TO EMPLOYEE IS:

see attached

| 11. I WANT TO HAVE COUNCIL REPRESENTATION | 14. NAME OF REPRESENTATIVE |
|---|---|
| ☒ YES (Check One) ☐ NO<br>If yes, Steward completes Blocks 14-18. If no, see Section 3006 of the PSNS-BMTC Agreement | Joe Hamel & Joe Asker |
| | 15. SHOP/CODE: 64 — 16. REPRESENTATIVE'S AFFILIATE: U.B.C. L/U 2317 |
| 12. SIGNATURE OF AGGRIEVED EMPLOYEE: [signature] — 13. DATE: 4-13-99 | 17. SIGNATURE OF REPRESENTATIVE: [signature] — 18. DATE: 4-13-99 |

**FOR OFFICIAL USE ONLY**

COUNCIL'S CONTROL NUMBER
05153
~~05154~~-K DJH 4-13 [illegible]

EMPLOYER'S JOB ORDER NUMBER
Grievant's cost center — Shop/Code Admin #
9 9 6 4 - 2 3 - 2 9 0 6
1=REPRESENTATIVE 2=GRIEVANT
3=SUPERVISION 4=WITNESS

Rcv'd 5/14/99 mw

Rcv'd 4/15/99 mw

Returned 1/18/00 jlw

J0001039

~~STEP 1~~ STEP 2

| 19. NAME OF SUPERVISOR TO WHOM GRIEVANCE IS PRESENTED | 20. POSITION TITLE | 21. DATE REC'D | 22. DATE OF MEETING |
|---|---|---|---|
| Mary Jane Tallman | Superintendent | | 1/14/00 |

**23. DECISION:**

See Attached

| 24. SIGNATURE OF SUPERVISOR | 25. DATE OF DECISION |
|---|---|
| Mary Jane Tallman | 18 Jan 00 |

| 26. DATE RECEIVED BY EMPLOYEE | 27. GRIEVANCE RESOLVED? | 28. EMPLOYEE SIGNATURE | 29. DATE |
|---|---|---|---|
| | ☐ YES ☐ NO | 30. REPRESENTATIVE SIGNATURE | 31. DATE |

STEP 2

| 32. SHOP/BRANCH HEAD (GROUP/DIVISION HEAD if appropriate) OR DESIGNEE | 33. DATE RECEIVED | 34. DATE OF MEETING |
|---|---|---|
| | | |

**35. DECISION:**

| 36. SIGNATURE OF SHOP/BRANCH HEAD (GROUP/DIVISION HEAD if appropriate) | 37. DATE |
|---|---|
| See Above | |

PSNS 12770/1 (REV. 10-87) BACK

J0001040

Subj: Employee Grievance Decision, Shipwright Highpay Grievance #05153-K

I. The second step meeting for this grievance was held on 20 May 1999. Present were Mr. J. Aiken, representing the grievants; Mr. J. Hamel, Chief Steward, Ms. M. Walls, Administrative Officer, Ms. L. Niemi, Human Resource Office, and myself. The union also presented several of the grievants to testify concerning their work as it relates to the grievance.

After careful consideration of the information presented in the grievance, during the grievance meeting, and through further investigation of this matter, I have reached the following conclusions.

II. High Pay

Certain work situations encountered by Shipwrights in erecting and dismantling staging do meet the criteria for 25% high pay in accordance with Article 10 and Appendix II of the BMTC Agreement and the Schedule of Environmental Differentials at 5 CFR 532, Subpart E, Appendix E. Situations warranting high pay occur when the Shipwrights climb or perform work while standing on staging pipe or unguarded planking **and** fall protection devices cannot be adequately used because adequate anchoring is not available. Specifically, 25% high pay will be paid for work under the following circumstances:

1) For shipwrights building and dismantling staging beginning from the first level above the ground/deck **unless**:

   a) flooring and safety rails are installed, **or**

   b) fall protection devices can be properly used.

2) Building and dismantling hanging staging working from similar heights under similarly unguarded situations when fall protection devices cannot be properly used.

III. Timeliness of Grievance

The union seeks back pay to begin when each grievant started to work in a shipwright position. Section 3002 a. 3. of the Negotiated Agreement requires that grievances of this nature be filed within fifteen work days from the occurrence of the matter out of which the grievance arose or the time the aggrieved party or employee became aware of, or should reasonably have been aware of, being aggrieved. In addition, Section 1004 of the Negotiated Agreement requires that employees bring the matter to their supervisor's attention when they feel environmental pay is warranted. Section 1004 refers employees to the Grievance Procedure if the complaint is not promptly resolved through the supervisor contact.

The union has presented nothing in this grievance to indicate any reason why this issue could not have been raised long ago. When asked why this matter was just now being raised, the representative indicated that people have been unwilling to grieve the matter in the past.

I conclude that this grievance, as it relates to the back pay requested, is untimely.

IV. Award

1) Shop 64 will start immediately to pay shipwrights 25% high pay under the circumstances noted in part II above.

2) Grievants will be paid an appropriate amount of back pay for straight time and overtime, including appropriate interest, for the period from 23 March 1999 (fifteen work days prior to the filing of this grievance) through the present. Management will work with the union to develop a means of determining the appropriate amount of back pay for each grievant. The grievants' typical work assignments over the back pay period will be considered in making the determination.

Barry Joe Aiken
JOE AIKEN
Union Representative

Mary Jane Tallman
MARY JANE TALLMAN
Superintendent, Shops 57, 64, 71 1/18/00

Date: 18 January 2000.

**10) The desired corrective action personal to the employee is:**

The shop is requested to show just cause why I am not entitled to environmental differential pay for high work (as outlined by the Bremerton Metal Trades Agreement and the Code of Federal Regulations).

Furthermore, I request to be compensated back environmental pay for high work at a rate of 1040 hours per year for all years in Shop 64 (plus interest). Compensation for the back environmental pay for high work must also be included for overtime worked during the same period (plus interest).

Compensation shall be remunerated no later than the first pay period following the resolution of this grievance.

It is further requested that Shop 64 Management and the Management of Puget Sound Naval Shipyard, Bremerton, Washington be required to follow the intent of the Bremerton Metal Trades Agreement and the Code of Federal Regulations. This action will be in accordance with the policies of other Naval Shipyards who currently pay environmental differential pay to their employees conducting high work.

It is understood that it is the employers responsibility to withhold the appropriate amount of Federal Income Tax, Social Security Tax, Medicare, Retirement deductions, Thrift Savings deductions, and any other deductions as prescribed by law, rule, or regulation in making my record whole.

**Council Control Number:** 25153-K

# Bremerton Metal Trades Council

**A.F.L. - C.I.O.**

632 Fifth Street
Bremerton, WA 98337
377-0811

Post Office Box 448
Bremerton, WA 98337
476-2125

## Employee's Designation of Representation

I, DAVID J HORM in accordance with applicable laws, rules, and regulation, do hereby authorize my representative, JOE AIKEN, the power and right, on my behalf, to review and receive copies of any records and documents on file with the agency / installation / office that pertains to and / or concerns me.

These records include, but are not limited to, shop/code records, Official Personnel Folder, Medical records, etc.

Signature of Employee

4-13-99
Date

S/64
Shop or Code

161135
Badge Number

Signature of Representative

4-13-99
Date

Grievant Copy
Steward Copy
Union Copy
Management Copy
4/5/97

| NAME PRINTED | SIGNATURE | |
|---|---|---|
| DAVID J HURM | | 1. |
| DION D PINKERTON | | 2. |
| Barry Joe Aiken | Barry Joe Aiken | 3. |
| MICHAEL C BESSLER | | 4. |
| Walter Bruce Cliber | | 5. |
| Randolf S. Abbott | | 6. |
| John T HAWKINS | | 7. |
| DONALD K ERBE | | 8. |
| ERIN P KENDZIOR | | 9. |
| ROBERT R. THACKERAY | | 10 |
| Charles T Foley | Charles T. Foley | 11. |
| ALFRED M CUSIMANO | Alfred m Cusimano | 12. |
| Richard L. Fowler | Richard L. Fowl | 13. |
| CHARLES E BEISTLINE | Charles E Beistline | 14. |
| THOMAS M. WELSH | Thomas M. Welsh | 15. |
| Kelly Jo Watson | Kelly Jo Watson | 16. |
| Kevin J. Naud | | 17. |
| DOUGLAS J IMPEY | | 18. |
| Boals, Bradley E. Jr 168112 | | 19. |
| Lewis, Larry W. | Larry W. Lewis | 20. |
| JOHN J ZIEBER | | 21. |
| Minaker James L | James L Minaker | 22. |
| LEAVITT JOHN | John Leavitt | 23. |
| Farmer Martin | Martin R. Farmer | 24. |
| Cook, Randall L. | Randall L. Cook | 25. |
| Morgan Mark B | Mark Morgan | 26. |
| David S. Peterson | David L. Peterson | 27. |
| Luis M. Cruz | L - M. | 28. |

Council's Control No: C5153-K

m 4/13/99 (28.)

11 / B

J0001045

| NAME PRINTED | SIGNATURE | |
|---|---|---|
| Michael Cramer | Michael Cramer | 1. |
| Theron Bergland | Theron Bergland | 2. |
| Kevin Wall | Kevin Wall | 3. |
| Tim KuBAK | [signature] | 4. |
| James M Twogood | M Twogood | 5. |
| David A. Collins | David A Collins | 6. |
| Walter L Jaynes | Walter L Jaynes | 7. |
| DAVID D FORBES | David D Forbes | 8. |
| Greg Corey | Gregory J Corey | 9. |
| Bill McKay | [signature] | 10. |
| Gordon Hanberg | Gordon D. Hanberg | 11. |
| Kevin Cockerill | Kevin Cockerill | 12. |
| CURTIS O'HAIR | C. O'Hair | 13. |
| Dostie, J.W. | Jeffrey W. Dostie | 14. |
| CAIN, BOBBY W. | Bobby W Cain | 15. |
| Dawson, Lonnie R. | [signature] | 16. |
| Williams Eddie JR | Eddie W Williams JR | 17. |
| Doccenberg Joshua | [signature] | 18. |
| ASHBURN M.F. | M F [illegible] | 19. |
| Kadlecek, RJ | Randy Kadlecek | 20. |
| Sael, J | [signature] | 21. |
| Sampson, J. | [signature] | 22. |
| Michael Hayden | Michael J. Hayden | 23. |
| JEFF ROGERS | Jeffrey L. Rogers | 24. |
| Trevor Kemper | [signature] | 25. |
| Josh Glitch | Joseph Glitch | 26. |
| MARTIN, BOBBY | Bobby Martin | 27. |

Counsel's Control No:

J0001046

| NAME PRINTED | SIGNATURE | |
|---|---|---|
| Brian Fischer | [signature] | 1 |
| Margaret M. Pinkerton | [signature] | 2 |
| Robert F Long Crane | [signature] | 3 |
| JOHN A. BARTH | [signature] | 4 |
| HENRY L. CARNES | [signature] | 5 |
| JEFF A CARLSON | [signature] | 6 |
| RON R. WERNER | [signature] | 7 |
| Michael R Johannes | [signature] | 8 |
| ~~Dennis Piehl~~ Dennis Piehl | [signature] | 9 |
| THOMAS P. CONWAY JR | [signature] | 10 |
| EZRA M. RICHARDS | [signature] | 11 |
| ~~ORLANDO GARCIA~~ | [signature] | 12 |
| WARREN E ERICKSON | [signature] | 13 |
| Paul T Lengowski | [signature] | 14 |
| JEFF Schnoor | [signature] | 15 |
| Kathleen M Boink | [signature] | 16 |
| PAUL S. SCOTT | [signature] | 17 |
| James A. Keller Jr | [signature] | 18 |
| GARY D HORNE | [signature] | 19 |
| GARY WITT | | |
| DESTRY WHIT | | 19 |

Council Contract #:
05153-K

J0001047

| Name Printed | Signature |
| --- | --- |
| Kimberley S Martin | Kimberley S Martin |
| Roy E Perry | Roy Perry |
| Howard A. Allison | [illegible] |
| Russell D. Allen | Russell D. Allen |
| Edward I. Devin | Edward I. Devin |
| David J McCrary | David McCrary |
| William L Carter III | William L. Carter III |

(7)

Council Control Number:
05153-K

mw
4/13

Pd 4/18 Bgk
5-4-94

J0001048

HIGH WORK

| Name Printed | Badge | Signature |
|---|---|---|
| David C. Webster | 151169 | David C. Webster |
| Donald E Baker JR | 153106 | [signature] |
| Henry J. Carnaghi | 161818 | [signature] |
| Royce D Blankenship | 168384 | [signature] |
| Art B. Hayes | 149907 | Art B. Hayes |
| PATRICK K. O'DELL | 169563 | [signature] |

Council Control Number:
05159-K

mw 4/13

J0001049

SHIPWRIGHT HIGH PAY

NAME PRINTED SIGNATURE

Anthony Schackmann 169565 [signature]

Council Control #:
C5153-K

mw 4/1/03

NG tafts
6 of 8 pgs
5-4-99

J0001050

| PRINTED NAME | | SIGNATURE |
|---|---|---|
| DAVID S. BOYLE | | D. S. Boyle |
| David A. Day | | David A. Day |
| DALE J. Leible | 151754 | Dale J. Leible |
| JAMES E. ZERBEST | 163727 | J E Zerbest |
| David L Christiansen | 137458 | David L. Christiansen |
| Jerry W. Cockrum | 168521 | Jerry W. Cockrum |
| CHARLES T FOLEY | 169054 | Charles T Foley |

(1)

COUNCIL CONTROL NO:
05153-K

5-4-99
BGA
Page 7 of 7

J0001051

HIGH PAY GRIEVANCE
SHIPWRIGHTS

| NAME PRINTED | SIGNATURE |
| --- | --- |
| JERRY DEAN GRAY | Jerry Dean Gray |
| Gregory Scott Denton | Gregory S. Denton |
| Jacobsen michael D. | michael D. Jacobson |
| DEBORAH L. DIVITTS | [illegible] |
| CHRISTOPHER A. SEAL | [illegible] |
| Cooper, Allen W | Allen W. Cooper |

(6)

COUNCIL CONTROL NO:
05153-K

8 of 8

J0001052