NO. 04-856C

Judge George W. Miller

UNITED STATES COURT OF FEDERAL CLAIMS

WALTER JAYNES, et al.,

Plaintiffs,

vs.

THE UNITED STATES,

Defendant.

# APPENDIX TO PLAINTIFFS' MOTION NO. 3: FOR SUMMARY JUDGMENT REGARDING EFFECT OF STATUTE OF LIMITATIONS

Donald B. Scaramastra
Jennifer A. Krebs
GARVEY SCHUBERT BARER
Attorneys for Plaintiffs

Eighteenth Floor
1191 Second Avenue
Seattle, Washington 98101-2939
(206) 464-3939

# Table of Contents to Appendix

1. Excerpts from Declaration of Mark Winkler, August 6, 2004 ....................................... 1

2. Excerpts from Amended Declaration of Kathleen M. Maher, August 23, 2004 ............ 4

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WALTER JAYNES, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 04-856C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**Declaration of Mark Winkler**

**Pursuant to 28 U.S.C. § 1746, I, Mark Winkler, declare that the following is true and correct.**

1. I am over 18 years of age and am competent to testify as to the facts and matters set forth in this Declaration.

2. I am the Superintendent for Shop 71, Painter Shop, at the Puget Sound Naval Shipyard, Bremerton, Washington. I assumed this position in January 2004. Prior to this position I held several other jobs, including Senior Process Manager for Shop 64. I was also General Foreman in Shop 64 in charge of the Shipwrights for the Puget Sound Naval Shipyard. I held this position from October 1997 to December 2000. I have been in the Shipwright trade within the Puget Sound Naval Shipyard for more than 20 years. While I was General Foreman there were approximately 120 Shipwrights employed at the Puget Sound Naval Shipyard. The Shipwrights are a relatively stable workforce with minimal turnover. I was the Shop 64 General Foreman in April 1999 when 99 employees filed grievances seeking Environmental Differential Pay for High Work. As an example of the slow turnover of employees, when I was still the General Foreman, I know that of the original 99 grievants only six of those 99 had left Shop 64.

3. One of the principle functions performed by Shipwrights at the Shipyard is the

erecting and dismantling of staging (scaffolding). Most ship repair or recycle projects require use of some form of staging. As an active Shipwright myself for many years, I have been aware that Shipwrights have not been paid an Environmental Pay Differential for High Work except in limited circumstances. Pay for High Work has been authorized for work that is at heights equal or higher than 100 feet, and it has been authorized for work on staging during difficult weather conditions, for example, periods of high wind. Also, pay for High Work has been authorized for all trades when an employee is working from inside a basket of a hydraulic "manlift."

4. The way staging is erected is that specially made staging pipe is connected to form a rigid platform. It is erected in stages, with one level being finished and then adding the next level above and so on until the desired height is completed. A crew of Shipwrights is assigned to do this work, with one or two of the crew doing the climbing and assembly on the top incomplete section, and other members of the crew handing up the pieces to be set in place. Even though the one or two members of the crew that were working on the incomplete staging were working at heights above ground level, they were not paid for High Work because it was considered that such work was a core part of the trade and was therefore already factored in for the level of grade and wage that has been paid to Shipwrights.

5. A couple of years ago, several other Naval Shipyards were closed as part of the overall downsizing of the military. Skilled Shipwrights were hired from these now-closed Shipyards. These workers began to discuss the fact that these other shipyards did pay Shipwrights for High Work under circumstances where it was not paid at Puget Sound Naval Shipyard. This came to the attention of the union.

6. The Bremerton Metal Trades Council is the exclusive representative for all the Shipwrights at the Puget Sound Naval Shipyard. To my knowledge this union had never raised

14. Even though we reached a consensus on the back pay for the purpose of the grievance, I can say that the Shipyard has maintained no records whatsoever of who performed High Work prior to the grievance, except for work over 100 feet, inclement weather, and manlift operations. Furthermore, during the nine-month period following the filing of the grievance, because the grievance issue was widely discussed, supervisors and employees were more aware of who was doing the work that could have been considered High Work if the grievance was approved. This is not the case prior to the grievance except as to High Work already paid. I am not aware of any means to document or even approximate who among the Shipwrights did the High Work. This is especially true the farther back in time this information would be needed.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on the** 6th **day of** August **at** 2004.

[signature]

Mark Winkler

Signed at Bremerton, WA 98314

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WALTER JAYNES, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 04-856C<br>(Judge George W. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

AMENDED DECLARATION OF KATHLEEN M. MAHER

Pursuant to 28 U.S.C. § 1746, I, Kathleen M. Maher, Ph.D., hereby declare the following under penalty of perjury:

1. I am currently employed as a Senior Systems Analyst in the Workforce Analysis and Human Factors Program of the American Institutes for Research ("AIR") in Palo Alto, CA and have been employed here for the past nine years. Prior to coming to AIR, I was an Assistant Professor in the Psychology Department and Program Director of the Computer Studies Program at California State University, Long Beach, CA. I have a Ph.D. in Mathematical Psychology. I have personal knowledge of all matters stated herein.

2. This declaration addresses the databases created and methods used to identify potential class members. This amended declaration is an update to the original submitted to the Court on August 13, 2004. I found errors in my extraction program that (1) placed individuals in Shop 64 before they began their employment and, as a result, included these individuals in prior year counts, (2) did not count individuals whose tenure did not cross a status point, and (3) identified breaks in service as permanent separations. I have corrected these errors and updated the tables accordingly.

first pass at identifying individuals outside of Shop 64 to be included in this database. The Loan-over database cannot be completed until I have had a chance to review the job order data with Mr. Witcher.

14. Using the Loan-over database, I separated the count of all trades outside Shop 64 who had assignments erecting or dismantling staging into those still employed and those who had separated or retired. I further broke the count of separated and retired by current location using the city and state information identified above. These counts are shown in Table 7.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on the 23rd day of August 2004 at Palo Alto, California

Kathleen M. Maher

KATHLEEN M. MAHER

| Table 3: Shipwrights in Shop 64 Since April 13, 1999 | |
|---|---|
| Category | Number of Employees |
| 1. Currently in Shop 64 | 130[2] |
| 2. Currently elsewhere in the Shipyard | 12 |
| 3. Elsewhere in State of Washington | 1 |
| 4. Left Shipyard: currently residing in the State of Washington | 18 |
| 5. Left Shipyard: currently residing in California or Oregon. | 2 |
| 6. Left Shipyard: currently residing outside Washington, Oregon, or California | 4 |
| 7. Left Shipyard: current residence unknown | 3 |
| 8. Deceased | 1 |
| Total Across All Categories | 171 |

[2]This count is one more that the count of Shipwrights on board on 24 February 2004, as it includes one individual who was previously a Shipwright but is currently assigned in Shop 64 as GS-1601-13, effective 25 January 2004.