**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| WALTER L. JAYNES, et al.,<br>Plaintiffs,<br>vs.<br>THE UNITED STATES<br>Defendant. | No. 04-856C<br><br>Judge George W. Miller |

## RESPONSE TO GOVERNMENT'S MOTION FOR ENLARGEMENT OF TIME

### I. Introduction

The Government claims it needs a quarter of a year to respond to plaintiffs' summary judgment briefing. It insists it needs this time even though the briefing addresses issues about which the Court requested briefing a half-year ago. And the Government requests the relief even though discovery has been stayed.

If the Court granted the Government's motion, then briefing of issues the parties and the Court identified last March wouldn't be completed until next January, even though the plaintiffs never sought a single extension. Thus, the Government proposes a briefing schedule that wouldn't be finished until ten months after the parties participated in a March 2007 status conference regarding this briefing. At this rate (assuming discovery remained stayed until the Court decided the motions, as the Government requested in its March 2007 status report), discovery might not resume until next March, or later.

Plaintiffs' counsel certainly understand the pressures of law practice and the need for additional time these often require. Indeed, one of the plaintiffs' two lawyers began a two-week trial the same day plaintiffs filed the briefs about which the Government now complains.

Plaintiffs, moreover, are willing to accommodate counsel's need for additional time.[1] But under the circumstances—and with this case sitting on ice—a request for a quarter of a year to respond to summary judgment briefing is unreasonable.

Plaintiffs believe that if the stay of discovery remains in effect, than any continuance should be measured in weeks, not months. But given the delays the current briefing is now engendering, the Court should, as a condition to extending the briefing schedule further, lift the stay of discovery and set a deadline for its completion. Below plaintiffs offer their proposal for how do so in a way that accommodates the Government's desire for more time and the plaintiffs' concerns about undue delay.

## II. Facts Leading Up To the Government's Continuance Request

Some factual background may be useful to the Court in assessing the Government's continuance request, plaintiffs' concerns about it, and plaintiffs' proposal for resolving the impasse.

---

[1] That said, the motion's calumny concerning counsel's contumacious conduct is hardly conducive to cooperation. *Cf.* DALE CARNEGIE, HOW TO WIN FRIENDS AND INFLUENCE PEOPLE (1936). In Mr. Carnegie's words, "if you want to gather honey, don't kick over the beehive."

Plaintiffs' growing concern about the pace of this litigation has its origins in the original decision to bifurcate the Government's accord-and-satisfaction defense, a decision which the plaintiffs admittedly supported. As the Court will recall, the notion was that resolving this issue would facilitate earlier settlement (if the defense were rejected) and avoid an unnecessary trial of the remaining issues (if it were granted).

But once the Court rejected the Government's accord-and-satisfaction defense, the Government introduced a new and unpleaded concept—that the rejection of its accord-and-satisfaction defense somehow deprived the Court of jurisdiction (even though jurisdiction is assessed at the time a complaint is filed, not later). After a status conference, the parties agreed to brief this and certain other issues and proposed a lengthy, even luxurious, schedule to do so. But plaintiffs didn't agree to this schedule on the assumption that it was merely a starting point from which the Government could seek unconditional extensions. Plaintiffs agreed to this schedule with the understanding that a generous schedule would alleviate the need for such continuances.

That didn't happen. When the two-month deadline for the Government to file its motion arrived, the Government sought a one-month extension. With some reluctance, plaintiffs acceded to the request (as they might have done this time if the Government had requested a shorter period of time).

Plaintiffs then completed their briefing in accordance with the Court's revised scheduling order (notwithstanding the above-mentioned trial). They

filed four motions, addressing four distinct issues. The first simply addresses the jurisdictional issues the Government's Motion to Dismiss or Remand raised and explores the logical implications of the Government's motion, so there is little new to the Government there. The second explores the impact of the testimony to date on the validity of the Shipyard's grievance decision and is almost exclusively based on the testimony of the Government's own trial witnesses. The third concerns the effect of the statute of limitations, an issue the Government raised in its own motion, identified as an affirmative defense in its Answer,[2] and which has been briefed by the parties since the days of class certification.[3] The fourth addresses the impact of the Government's failure to keep records of high work performed and the applicability of burden-shifting under *Anderson v. Mt. Clemens Pottery*.[4] This issue was also anticipated by the parties, and was the subject of the Court's April 3, 2007 Scheduling Order.

Now the Government wants still more time. And what began as an ample briefing schedule threatens to become bloated. If granted, the Government will be well on the way to establishing by default what it sought, last March, to impose by design. As the Court will recall, last March the Government proposed a lengthy briefing schedule, with all discovery stayed

---

[2] Defendant's Answer to Plaintiffs' Amended Complaint, at 16 (Aug. 13, 2004).
[3] *See, e.g.,* Defendant's Opposition to Plaintiffs' Motion for Class Certification, at 29-30 (Aug. 13, 2004).
[4] 328 U.S. 680 (1946).

until after a decision on the matters briefed, followed by another year for fact discovery, followed by another eight months for expert discovery, and only then followed by pretrial preparation and trial.

To accommodate the Government's request for more time without engendering delay of this sort, plaintiffs' counsel proposed that the parties ask the Court to lift the stay in connection with the grant of a continuance. The Government refused.[5]

Defense counsel announced that the Government was opposed to any discovery other than that needed to address the motions.[6] When he hinted that he might agree to exceptions on case-by-case basis, plaintiffs proposed deposing various front-line supervisors, since these will be necessary for trial (although not for resolution of the pending motions).[7] The Government refused.[8]

Meanwhile, plaintiffs had conducted an initial view of the Government's self-described "data dump" of information from various databases.[9] Deposition practice may be required to assist plaintiffs in absorbing this information. In August and again in September, plaintiffs proposed that the parties work together to assemble summaries of certain objective information in the Government's databases (e.g., hours worked,

---

[5] Declaration of Donald B. Scaramastra ("Scaramastra Decl."), ¶ 2.
[6] *Id*. at ¶ 3.
[7] *Id*.
[8] *Id*.
[9] Scaramastra Decl. ¶ 4.

overtime worked, leave taken, projects worked on) and to permit plaintiffs to query those databases, as plaintiffs are allowed to do.[10] (There is no need, after all, for both sides to independently summarize the same information.) The Government again refused.[11]

At that point, negotiations regarding a continuance broke down. The Government's motion for a continuance followed within hours.

### III. Plaintiffs' Proposal for Accommodating the Government's Request for More Time and Their Concerns about Time's Passage

Plaintiffs don't object to reasonable accommodation of the Government's request for an extension. Below is plaintiffs' proposal for how to accommodate the parties' respective interests.

#### A. Plaintiffs' Proposed Briefing Schedule

Plaintiffs have no objection to a continuance. But a flat, across-the-board, two-month continuance seems unnecessary.

Plaintiffs' motions are not created equal or, at least, of equal complexity. Their first and third motions simply address two different issues (the effect of the grievance decision and of the statute of limitations) that the Government has already raised in its motion. No great amount of time would seem to be needed to draft what are, in effect, reply briefs, especially if no discovery takes place in the upcoming month. A thirty-day extension—giving

---

[10] *See, e.g., Jinks-Umstead v. England,* 227 F.R.D. 2005 (D.D.C. 2005) (Navy ordered to permit plaintiffs to obtain "canned" reports and perform pre-defined, custom queries of Navy's employment databases).
[11] Scaramastra Decl. ¶ 4.

the Government two months to respond to issues on which the Government has been contemplating seeking summary judgment since last March—seems reasonable.

Motion No. 4 addresses a new issue, but a simple one: what is the effect of the Government's failure to keep the required records of high work? Plaintiffs have raised this issue, and the cases that support it, going back to the days of class certification. A number of the cases in their motion were cited in plaintiffs' March 2007 status report, so the Government should be well aware of them.

This motion, more than any other, will have profound impacts on the case's progression. Indeed, much of the motion is devoted to anticipating those impacts. Although the Government need not brief the case management implications of Motion No. 4 in its opposition, it would be helpful to receive the Government's response regarding the applicability and effect of *Anderson* burden-shifting as soon as possible. Plaintiffs propose a one-month extension to allow the Government to respond to Motion No. 4.

Motion No. 2 is probably the least important in terms of its long-term impact. Indeed, the Court's resolution of Motion No. 1 may moot it. Plaintiffs are amenable to a two-month continuance of the time for responding to this motion.

This briefing schedule assumes the resumption of discovery, although not necessarily in the next thirty days, which should give defense counsel

time to prepare the next round of briefs. The next section addresses that subject.

### B. Plaintiffs' Proposed Fact Discovery Schedule

In their March status report, plaintiffs suggested that five months would be needed to complete the remaining fact discovery. This assumed that *Anderson* burden-shifting applied due to the Shipyard's failure to keep records of high work plaintiffs performed.

Plaintiffs continue to believe that this will suffice. To accommodate the Government's desire to work unimpeded on the motions for a month, plaintiffs propose a six-month period for the completion of fact discovery. This would give the parties until the beginning of April 2008 to complete that discovery.

This schedule assumes that the parties will only need a minimal amount of fact discovery in light of *Anderson*'s burden-shifting mechanism. If, however, the Court denies Motion No. 4, plaintiffs propose that the Court schedule a status conference to address whether to allow more time to conduct the additional discovery that denial of the motion would entail.

In discussions with defense counsel, it appears that the Government would prefer to pursue its dream of dismissal before permitting any discovery. But sensible case management isn't well-served by acting as though the case will go away and being unprepared when it doesn't. If a case were stayed every time someone filed a dispositive motion, then few cases would ever end.

### C. Plaintiffs' Proposed Expert Discovery Schedule

The Court's ruling on the pending motions will also have an impact on expert discovery. Indeed, it may entirely eliminate the need for expert testimony in the plaintiffs' case-in-chief, leaving only some matters to address in rebuttal.

As with fact discovery, plaintiffs propose that the Court tentatively set a schedule that assumes that *Anderson* burden-shifting will apply. Based on that assumption, plaintiffs propose that the parties exchange expert reports by mid-March 2008, with rebuttal expert reports due by mid-June 2008. All expert discovery would be completed by the end of July 2008, with a conference to set a trial date following shortly thereafter.

In short, it's time to lift the stay of discovery and impose a cut-off date for fact discovery. Tentatively, at least, the Court should impose a cut-off date the first week of April. That week will fall nearly four years after this case was filed in this Court. Expecting the parties to complete discovery by then hardly seems unreasonable.

Plaintiffs are not suggesting that any of these deadlines be carved in stone, immutable through the ages. If the Court's ruling on the pending motions makes additional discovery necessary, the parties should be free to seek it. But it's becoming clear that without deadlines to work toward—real deadlines—this case isn't going to come to the "just, speedy, and inexpensive determination" that Rule 1 of this Court's rules promises.

## IV. Conclusion

Plaintiffs propose that the Government be granted a one-month extension to respond to Motion Nos. 1, 3, and 4, and a two-month extension to respond to Motion No. 2. Plaintiffs propose that this extension be conditioned on: (1) the lifting of the stay on discovery, (2) the imposition of a cut-off for fact discovery during the first week of April 2008, (3) the establishment of expert disclosure deadlines of mid-March 2008 (for primary witnesses) and mid-June (for rebuttal witnesses), and (4) the imposition of a July 31, 2008 cut-off for expert discovery. This procedure will address the Government's concerns while allowing the case to proceed to a "just, speedy, and inexpensive determination."

DATED this 2nd day of October, 2007.

Respectfully Submitted,

/s/Donald B. Scaramastra
Donald B. Scaramastra
Jennifer A. Krebs
**Garvey Schubert Barer**
18th Floor
1191 Second Avenue
Seattle, WA 98101
Telephone (206) 464-3939
Facsimile (206) 464-0125
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify on October 2, 2007, a copy of the foregoing "PLAINTIFFS' RESPONSE TO GOVERNMENT'S MOTION FOR ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Donald B. Scaramastra
Donald B. Scaramastra
Jennifer A. Krebs
**Garvey Schubert Barer**
18th Floor
1191 Second Avenue
Seattle, WA 98101
Telephone (206) 464-3939
Facsimile (206) 464-0125
Attorneys for Plaintiffs