No. 04-856C
Judge George W. Miller

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

WALTER JAYNES, et al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

---

DEFENDANT'S RESPONSE AND REPLY TO
PLAINTIFFS' MOTION NO. 3 FOR SUMMARY JUDGMENT
REGARDING THE EFFECT OF THE STATUTE OF LIMITATIONS

---

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

MARK A. MELNICK
Assistant Director

STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, .D.C. 20530
Tele: (202) 616-2377
Fax: (202) 305-7644

OF COUNSEL:
TELIN W. OZIER
Trial Counsel
Department of the Navy
OGC, Navy Litigation Office
720 Kennon Street, S.E.
WNY Bldg. 36, Room 256
Washington, D.C. 20374-5013

STEVEN L. SEATON
Labor Counsel
Department of the Navy
Puget Sound Navy Shipyard
1440 Farragut Avenue
Bremerton, WA 98314-5001

November 5, 2007

Attorneys for Defendant

# TABLE OF CONTENTS

**PAGE(S)**

ARGUMENT. .......... 2

I. While The District Court Action Tolled The Statute Of Limitations, Any Tolling Of The Statute Of Limitations Would End Upon The District Court's Denial Of Class Certification. .......... 2

II. The Filing Of A Class Action In This Court Did Not Renew The Tolling Of The Statute Of Limitations. .......... 7

A. The District Court's Denial Of Class Certification Was The Law Of The Case Upon Transfer. .......... 7

B. The Filing Of An Opt-In Class Action Suit Does Not Toll The Statute Of Limitations For All Putative Plaintiffs. .......... 8

III. New Plaintiffs Claims Do Not "Relate Back". .......... 14

IV. In Accord With This Court's Prior Rulings, The October 28, 1994 Amendments To The CSRA Would Have An Impermissible Retroactive Effect. .......... 16

CONCLUSION. .......... 19

# TABLE OF AUTHORITIES

## CASES

**PAGE(S)**


Abbott v. United States,
47 Fed. Cl. 582 (2000). .......... 18

Abramson v. United States,
42 Fed. Cl. 621 (1998). .......... 18

American Pipe & Constr. Co. v. Utah,
414 U.S. 538 (1974). .......... 2, 3, 9

Andrews v. Orr,
851 F.2d 146 (6th Cir. 1988). .......... 4, 8

Armstrong v. Martin Marietta Corp.,
138 F.3d 1374 (11th Cir. 1998). .......... 3, 4, 5

Bailey v. West,
160 F.3d 1360 (Fed. Cir. 1998). .......... 13, 17

Baldwin County Welcome Cntr. v. Brown,
466 U.S. 147 (1984). .......... 13

Barbieri v. United States
15 Cl. Ct. 747 (1988). .......... 9, 11

Barnes v. United States,
68 Fed. Cl. 492 (2005). .......... 6

Basch v. Ground Round, Inc.,
139 F.3d 6 (1st Cir. 1998). .......... 8

Batten v. United States,
597 F.2d 1385 (Ct. Cl. 1979). .......... 16

Brice v. Sec'y of Health & Human Servs.,
240 F.3d 1367 (Fed. Cir. 2001). .......... 13

Butler v. Derwinski,
960 F.2d 139 (Fed. Cir.1992). .......... 17

Calderon v. Presidio Valley Farmers Ass'n,
863 F.2d 384 (5th Cir. 1989). .......... 4

Chippewa Cree Tribe of Rocky Boy's Reservation v. United States,
69 Fed. Cl. 639 (2006). .......... 14-15

Christianson v. Colt Indus. Operating Corp.,
486 U.S. 800 (1988). .......... 5-6, 7

Creppel v. United States,
33 Fed. Cl. 590 (1995). .......... 14, 15

Crown, Cork & Seal Co. v. Parker,
462 U.S. 345 (1983). .......... 2, 3

Enterprise Mortg. Acceptance Co., LLC, Securities Litigation v. Enterprise Mortg. Acceptance Co.,
391 F.3d 401 (2nd Cir. 2004). .......... 17

Fernandez v. Chardon,
681 F.2d 42 (1st Cir. 1982). .......... 4

Frazer v. United States,
288 F.3d 1347 (Fed. Cir. 2002). .......... 12

Gonzalez v. Crosby,
545 U.S. 524 (2005). .......... 5

Grayson v. K-Mart Corp.,
79 F.3d 1086 (11th Cir. 1996). .......... 9, 10

Griffin v. Singletary,
17 F.3d 356 (11th Cir. 1994). .......... 8

Hemenway v. Peabody Coal Co.,
159 F.3d 255 (7th Cir. 1998). .......... 3

Hohri v. United States,
586 F. Supp. 769 (D.D.C. 1984), aff'd (on the merits),
847 F.2d 779 (Fed. Cir.), cert. denied, 488 U.S. 925 (1988). .......... 12

Hughes Aircraft Co. v. United States,
520 U.S. 939 (1997). .......... 17

Irwin v. Dep't of Veterans Affairs,
498 U.S. 89 (1990). ........ 12, 13

Jaynes v. Danzig,
No. C00-5221RJB (W.D. Wash. Dec. 6, 2000). ........ 4

Jaynes v. United States,
68 Fed. Cl. 747 (2005). ........ 18

Jaynes v. United States,
69 Fed. Cl. 450 (2006). ........ 11, 16

Korwek v. Hunt,
827 F.2d 874 (2nd Cir. 1987). ........ 8

LaChapelle v. Owens Illinois, Inc.,
513 F.2d 286 (5th Cir. 1975). ........ 10

Landgraf v. USI Film Products,
511 U.S. 244 (1994). ........ 16, 17

MacLean v. United States,
454 F.3d 1334 (Fed. Cir. 2006). ........ 17

Marcinkowski v. United States,
206 F.3d 1419 (Fed. Cir. 2000). ........ 13

Martinez v. United States,
333 F.3d 1295 (Fed. Cir. 2003). ........ 12

Mudge v. United States,
59 Fed. Cl. 527 (2004). ........ 18

Nelson v. County of Allegheny,
60 F.3d 1010 (3rd Cir. 1995). ........ 4

O'Connell v. Chapion Int'l Corp.,
812 F.2d 393 (8th Cir. 1987). ........ 10

RHI Holdings, Inc. v. United States,
142 F.3d 1459 (Fed. Cir. 1998). ........ 13

Robbin v. Fluor Corp.,
835 F.2d 213 (9th Cir. 1987). ........ 8

Salazar-Calderon v. Presidio Valley Farmers Ass'n,
765 F.2d 1334 (5th Cir. 1985). .......... 8

Snoqualmie Tribe of Indians v. United States,
372 F.2d 951 (Ct. Cl. 1967). .......... 14, 15

Stone Container Corp. v. United States,
229 F.3d 1345 (Fed. Cir. 2000).......... passim

Taylor v. United States,
73 Fed. Cl. 532 (2006). .......... 6, 7

Toro Co. v. White Consol. Indus.,
383 F.3d 1326 (Fed. Cir. 2004).......... 6

United States v. Brockamp,
519 U.S. 347 (1997).......... 12, 13

United States v. Dalm,
494 U.S. 596 (1990).......... 12

## STATUTES

28 U.S.C. § 1581 .......... 11, 12

28 U.S.C. § 2072.......... 11

28 U.S.C. § 2244.......... 5

28 U.S.C. § 2501.......... 12, 13

29 U.S.C. § 216.......... 10

## OTHER

FRCP 23.......... 3, 6, 9, 10, 11

RCFC 15. .......... 14

RCFC 23. .......... 6, 8, 9, 11, 12

RCIT 23. .......... 11

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| WALTER JAYNES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 04-856C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE AND REPLY TO PLAINTIFFS' MOTION NO. 3 FOR SUMMARY JUDGMENT REGARDING THE EFFECT OF THE STATUTE OF LIMITATIONS**

Pursuant to Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC") and this Court's order, dated October 5, 2007, defendant, the United States respectfully replies and responds to plaintiffs' third motion for summary judgment, regarding the effect of the statute of limitations.[1]

In their motion, plaintiffs argue that the statute of limitation was tolled for all potential plaintiffs from the filing of the original district court action until this Court's denial of class certification. Plaintiffs use the filing date of the district court action to toll the statute of limitations, but ignore the district court's denial of class certification and the fact that the case ultimately transferred to this Court was not a class action. Plaintiffs may not have it both ways. While the statute of limitations was tolled by the filing of a class action in district court, this tolling ceased when the district court denied class certification.

Further, the filing of this transferred case as a class action in this Court does not renew the tolling of the statute of limitations. Plaintiffs are not permitted to "stack" class certifications in order to toll the statute of limitations indefinitely. Because a class action in this Court is an "opt-in" class action, rather than an "opt-out" action, the statute of limitations is only tolled for

[1] Plaintiffs' third cross-motion and response may be mooted by the Court's ruling on the Government's motion for summary judgment.

those individuals who have chosen to "opt-in" at the time of filing. In addition, equitable tolling would not be available to the pertinent plaintiffs in this case.

Plaintiffs also assert that the new claims made by the new plaintiffs "relate back" to the claims made by the original plaintiffs. However, the new plaintiffs do not share an intimate legal connection with the original plaintiffs to permit them to use this doctrine to evade the effects of the statute of limitations.

Finally, plaintiffs argue that the 1994 amendments to the Civil Service Reform Act ("CSRA") have no effect upon the limitations period. As we established in our initial motion, and in light of this Court's prior rulings, the 1994 amendments to the Civil Service Reform Act, however, limit the claim period for each plaintiff.

## ARGUMENT

### I. While The District Court Action Tolled The Statute Of Limitations, Any Tolling Of The Statute Of Limitations Would End Upon The District Court's Denial Of Class Certification

Filing a class action in district court generally tolls the statute of limitations for all putative plaintiffs. See Crown, Cork & Seal Co. v. Parker, 462 U.S. 345 (1983); American Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974). However, tolling ends upon the district court's denial of class certification, whether or not this denial is appealed. Stone Container Corp. v. United States, 229 F.3d 1345 (Fed. Cir. 2000). Accordingly, while we agree that the filing of the district court action on April 14, 2000 temporarily tolled the statute of limitations for all potential class members, such tolling ended upon the district court's denial of class certification on December 6, 2000, and may not be renewed.

In Stone Container Corp. v. United States, 229 F.3d 1345, the United States Court of Appeals for the Federal Circuit analyzed how the statute of limitations may be tolled by the filing of a standard "opt-out" class action. The plaintiffs in Stone Container argued that the filing of

their class action in the Court of International Trade tolled the statute of limitations from the filing of the complaint until the class certification issue was no longer appealable. On appeal, however, the Federal Circuit held that while tolling begins with the initiation of a class action, it ends when the trial court first denies class certification.

As an initial matter, the Federal Circuit stated that the "Supreme Court's decisions do not speak with great clarity on the subject of equitable tolling against the government" and acknowledged that the law remains unsettled in this area. Id. at 1352-53. Nevertheless, the court found it unnecessary to resolve such issues, because tolling in a class action was not equitable, but rather was "mandated by statute." Id. at 1353. More specifically, the court noted that the Supreme Court's decisions providing for tolling in a class action had focused upon the interpretation of Federal Rule of Civil Procedure 23, rather than the doctrine of equitable tolling. Id. at 1354 (citing Crown, Cork & Seal, 462 U.S. 345; American Pipe, 414 U.S. 538). Because the Rules of the Court of International Trade were integrated into the statutory limitations scheme in such a way that these rules carried the same implications as the Federal Rules of Civil Procedure, the Federal Circuit determined that it was bound by the Supreme Court's holdings in Crown, Cork & Seal and American Pipe that the filing of a class action in the Court of International Trade tolled the statute of limitation for all putative plaintiffs. Id.

While the Federal Circuit determined that the statute of limitation was tolled with the filing of a class action, the court also held that any such tolling ended "when class certification is denied in the trial court," rather than when the class action issue was no longer appealable. Id. at 1355. The Federal Circuit agreed with the United States Court of Appeals for the Eleventh Circuit's holding and analysis in Armstrong v. Martin Marietta Corp., 138 F.3d 1374 (11th Cir. 1998) (en banc), and noted that the rule that tolling ends upon the denial of class certification is widely followed in other circuits. See Stone Container, 229 F.3d at 1355-56 (citing Hemenway

v. Peabody Coal Co., 159 F.3d 255, 266 (7th Cir. 1998); Nelson v. County of Allegheny, 60 F.3d 1010, 1013 (3rd Cir. 1995); Calderon v. Presidio Valley Farmers Ass'n, 863 F.2d 384, 390 (5th Cir. 1989); Andrews v. Orr, 851 F.2d 146, 149-50 (6th Cir. 1988); Fernandez v. Chardon, 681 F.2d 42, 48 (1st Cir. 1982)). The Federal Circuit acknowledged that such a rule might lead to "unnecessary litigation in a few cases in which a district court abuses its discretion in denying class certification and is reversed on appeal," but held that such a rule was necessary to prevent the limitations period from being "tolled for years." Id. at 1355. Indeed, the court observed that "[t]his case provides a perfect example of the lengthy delays that would be created if the limitations period were tolled until the appellate process was complete; it has been over four years since the district court . . . denied class certification, and that case remains ongoing." Id.

Plaintiffs in this case argue that the limitations period should have been tolled for over five years. This is contrary to both the law and the logic of Stone Container. The Federal Circuit clearly provided that tolling ends upon the initial dismissal of class certification. Stone Container, 229 F.3d at 1355. Further, as the Eleventh Circuit noted in Armstrong, "[o]nce the district court enters the order denying class certification . . . reliance on the named plaintiffs' [class action] prosecution of the matter ceases to be reasonable, and, we hold, the excluded putative class members are put on notice that they must act independently to protect their rights." Armstrong, 138 F.3d at 1380. In the present case, potential plaintiffs were put on such notice when the district court denied class certification. See Order Den. Pls.' Mot. to Certify Matter as Class Action, Jaynes v. Danzig, No. C00-5221RJB (W.D. Wash. Dec. 6, 2000).

Rather than attempt to distinguish Stone Container, plaintiffs argue that the district court's denial of class certification is a nullity because the district court lacked jurisdiction over

the plaintiffs' complaint. According to the plaintiffs, the only relevant denial is this Court's subsequent denial of class certification on August 19, 2005.[2]

As an initial matter, plaintiffs' argument misses the point. Despite plaintiffs' asserted concerns about the legal ramifications of the district court's subsequent jurisdictional determination, this does not mean that the district court's denial did not occur and that the tolling of the statute of limitations did not cease. As the case law indicates, potential plaintiffs were on notice after December 6, 2000 that they must file or join the pending action to protect their alleged rights. See Armstrong, 138 F.3d at 1380. A class action determination was made and cannot be treated as non-existent. Whatever actions were taken by plaintiffs to reconsider this denial after the case was transferred to this Court on June 15, 2004, the case that was transferred to this Court was no longer a class action and is not, to this day, a class action.

Further, plaintiffs cite to no relevant case law in support of their assertion that the district court's denial of class certification is a nullity, except to cite to dicta in Gonzalez v. Crosby, 545 U.S. 524, 534 (2005). Pl. Mot. No. 3 at 7. Gonzalez, however was focused upon the proper treatment of a habeas petition pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(b), and Rule 60(b) of the Federal Rule of Civil Procedure ("FRCP"), and is clearly distinguishable from the present case. Gonzalez merely provides that FRCP 60(b) "preserves parties' opportunity to obtain vacatur of a judgment that is void for lack of subject matter jurisdiction," but does not hold that when a case is transferred for lack of jurisdiction, the transferee court may treat the transferring court's rulings as a nullity. 545 U.S. at 534.

Indeed, the Supreme Court has indicated that, especially in cases transferred for lack of jurisdiction, law of the case principles should be applied. Christianson v. Colt Indus. Operating

[2] Consistent with Stone Container, however, plaintiffs do not argue that the statute of limitations was tolled pending their request for reconsideration, or that it will be tolled should plaintiffs subsequently appeal this Court's class certification decision.

Corp., 486 U.S. 800, 818 (1988). See also Taylor v. United States, 73 Fed. Cl. 532, 538 (2006). The Supreme Court has cautioned that "[p]erpetual litigation of any issue – jurisdictional or nonjurisdictional – delays, and therefore threatens to deny, justice." Id. at 816 n. 5. While the law of the case doctrine does not bar this Court's authority to reconsider a decision of the district court, it does indicate that the district court's decision is not a nullity, but is entitled to weight, absent "an intervening change of controlling legal authority, or [a showing that] the prior decision is clearly incorrect and its preservation would work a manifest injustice." Toro Co. v. White Consol. Indus., 383 F.3d 1326, 1336 (Fed. Cir. 2004). Plaintiffs do not attempt to demonstrate that any of these situations exist, and – in fact – they do not.

While plaintiffs assert that this Court rejected the Government's arguments concerning "res judicata"[3] in ruling on the motion for class certification, nowhere in the Court's denial of class certification does the Court make such a ruling. Rather, the Court merely independently analyzed the question of whether the plaintiffs could bring a class action in this Court, effectively mooting the issue of "law of the case." If anything, this Court's careful analysis of the class certification issue demonstrates that the district court's decision was proper. Twice this Court has reviewed the class certification issue, and both times it denied plaintiffs request.

Admittedly, this Court has slightly more restrictive rules regarding class certification than the district court, because this Court only permits an "opt-in" class action. Compare FRCP 23 with RCFC 23. However, in pertinent part, this Court analyzed the same factors that the district court did in determining whether to certify this as a class action. See RCFC 23 Rules Comm. Note. See Barnes v. United States, 68 Fed. Cl. 492, 494 n. 1 (2005). The only pertinent difference was that, given the "opt-in" requirement, there is less of a difference between a class

---

[3] The Government, however, did not argue res judicata, but rather raised the "law of the case," a doctrine that is different from res judicata.

action in this Court and a consolidated case with multiple plaintiffs. Because this Court's rules are more, rather than less, restrictive than the Federal Rules of Civil Procedure, there is every reason that the law of the case should govern, particularly since the district court reviewed the same factors as this Court.

Accordingly, we respectfully request that this Court treat the statute of limitations as tolled for all putative plaintiffs only from April 14, 2000 to December 6, 2000.

## II. The Filing Of A Class Action In This Court Did Not Renew The Tolling Of The Statute Of Limitations

A related question is what effect, if any, does the plaintiffs attempt to revive a class action in this Court have upon the tolling of the statute of limitations. Because the denial of class certification remains the law of the case, absent reconsideration by this Court, plaintiffs are not entitled to "stack" a second tolling period upon the first after denial by the district court. Further, because this Court only permits "opt-in" class actions, the filing of a class action does not toll the statute of limitations for plaintiffs that have not opted-in.

### A. The District Court's Denial Of Class Certification Was The Law Of The Case Upon Transfer

As discussed in more detail above, the Supreme Court has indicated that the law of the case should be applied to transfer cases. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818 (1988). See also Taylor v. United States, 73 Fed. Cl. 532, 538 (2006). Because the district court denied class certification, and because this Court should respect such a determination absent "extraordinary circumstances," plaintiffs' attempt to toll the statute of limitations pending this Court's reconsideration of the class certification issue should be rejected.

Indeed, while the Supreme Court has yet to rule on the practice, most United States Circuit Courts of Appeal have been highly critical of attempts by plaintiffs to "stack" successive class actions upon each other in an effort to extend the tolling period for the statute of limitations

after class certification has been denied in the initial action. See Basch v. Ground Round, Inc., 139 F.3d 6, 11 (1st Cir. 1998) ("Plaintiffs may not stack one class action on top of another and continue to toll the statute of limitations indefinitely."); Griffin v. Singletary, 17 F.3d 356, 359 (11th Cir. 1994); Andrews v. Orr, 851 F.2d 146, 149 (6th Cir. 1988) ("The courts of appeals that have dealt with the issue appear to be in unanimous agreement that the pendency of a previously filed class action does not toll the limitations period for additional class actions by putative members of the original asserted class."); Robbin v. Fluor Corp., 835 F.2d 213, 214 (9th Cir. 1987) (disallowing tolling when the district court in the previous action had denied class certification and when the second action sought to relitigate the issue of class certification and thereby to circumvent the earlier denial); Korwek v. Hunt, 827 F.2d 874, 879 (2nd Cir. 1987); Salazar-Calderon v. Presidio Valley Farmers Ass'n, 765 F.2d 1334, 1351 (5th Cir. 1985) ("[P]utative class members may [not] piggyback one class action onto another[.]").

Accordingly, the statute of limitations was not tolled during the pendency of plaintiffs' efforts to have this Court reconsider the district court's denial of class certification.

**B. The Filing Of An Opt-In Class Action Suit Does Not Toll The Statute Of Limitations For All Putative Plaintiffs**

Even assuming that this Court may ignore the district court's denial of class certification upon the transfer of this matter to this Court, the filing of a class action in this Court does not toll the statute of limitations. This Court's rules are different from the Federal Rules of Civil Procedure, in that they only permit "opt-in" class actions, which does not toll the statute of limitations for all putative plaintiffs. Further, any Rule 23 tolling in this Court would be equitable, rather than statutory, in nature. However, this Court's statute of limitations may not be equitably tolled and, in any event, plaintiffs fail to demonstrate that they meet the requirements for equitable tolling.

Plaintiffs generally cite to the Barbieri v. United States, 15 Cl. Ct. 747 (1988), that for the general proposition that the filing of a class action tolls the statute of limitations for all prospective class members. Barbieri, however, (1) is not controlling, (2) its logic has been undermined by subsequent case law, and (3) is distinguishable from the present case.

Because Barbieri purports to be based upon the Supreme Court's decision in American Pipe, 414 U.S. 538 (1974), this case is an appropriate place to begin any discussion of why the RCFC 23 cannot effect a tolling of the statute of limitations for all class members prior to the denial of class certification. Barbieri, 15 Cl. Ct. at 749-52. As a general matter, American Pipe notes that the old Federal Rule 23 provided for class actions that were either opt-in class actions, also known as "spurious" class actions, or opt-out class actions. American Pipe, 414 U.S. at 545-47. The Supreme Court observed that because an opt-in class action is essentially a device to permit individual joinder or intervention, pursuant to the old Rule, several courts of appeals had determined that each individual plaintiff participating in an opt-in class would have to satisfy the timeliness requirement. Id. at 549-50. Other courts of appeals held that the filing of the class action complaint tolled the statute of limitations as to all putative plaintiffs. Id.

The Supreme Court observed that the conflict within the circuits had never been resolved but that by only allowing opt-out classes, the new Federal Rule 23 eliminated the concerns associated with tolling the statute of limitations for spurious classes. To date, there remains a split among the circuits concerning whether the tolling rule of American Pipe applies to spurious or opt-in class actions.

The United States Court of Appeals for the Federal Circuit recognized this continuing conflict in Stone Container Corp. v. United States, 229 F.3d 1345, 1356 n.6 (Fed. Cir. 2000), but saw no need to address the question. Other circuits have been forced to directly confront the issue. For example, in Grayson v. K-Mart Corp., 79 F.3d 1086 (11th Cir. 1996), the United States

Court of Appeals for the Eleventh Circuit concluded that tolling did not apply to plaintiffs suing under the Age Discrimination in Employment Act ("ADEA"), which provides for opt-in joinder. It held that ADEA opt-in plaintiffs should be deemed to commence their civil action only when they file their written consent to opt into the class action. See also O'Connell v. Chapion Int'l Corp., 812 F.2d 393, 394 (8th Cir. 1987).

In Grayson, the Eleventh Circuit determined that the adoption of opt-in procedures represented an implicit rejection of the Rule 23 class action procedures including the tolling of putative class members' claims by the filing of the original class complaint. It cited for support to the decision of the United States Court of Appeals for the Fifth Circuit in LaChapelle v. Owens Illinois, Inc., 513 F.2d 286, 289 (5th Cir. 1975). In that case, the Fifth Circuit recognized a "fundamental, irreconcilable difference between" opt-in classes as provided by 29 U.S.C. § 216 (the Fair Labor Standards Act) and opt-out classes as provided by Federal Rule 23.

> In a Rule 23 proceeding a class is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has "opted out" of the suit. Under § 16(B) of FLSA, on the other hand, no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively "opted into" the class; that is, given his written, filed consent.

Id. at 288.

In an opt-out class, unless a putative class member affirmatively acts to exclude him or herself from the lawsuit, he or she is bound by a ruling even if he or she knows nothing about the lawsuit. Since putative class members are not required to do anything to ensure that they will be bound by the outcome of the lawsuit, it makes little sense to require them to do something to ensure that they will not be excluded by the statute of limitations.

By contrast, in an opt-in lawsuit, a class member must affirmatively act in order to be included in the judgment. Inasmuch as they must make an individual affirmative decision at

some point in order to be included in the lawsuit, and in this sense resembles joinder or intervention, it is no imposition to require them to take this action and make this decision within the statute of limitations period. The alternative permits the long feared abuse of putative plaintiffs waiting to see the outcome of the lawsuit before deciding whether to join or not.

While this case arises pursuant to neither the ADEA nor the FLSA, it is closely analogous to claims arising under the FLSA. Plaintiffs' claims, similar to those of plaintiffs with FLSA, require individual determinations of liability and damages, despite the existence of some common questions of law. As this Court has recognized, any class that this Court might have certified in this case would have been a spurious class. See Jaynes v. United States, 69 Fed. Cl. 450 (2006).

Because a putative plaintiff must act affirmatively to be included within the class, it is no imposition to require plaintiffs to make this decision within the statute of limitations period. And, the alternative would allow putative plaintiffs to wait to see if they are satisfied with the course of litigation or outcome to decide if they want to join. It is no defense to assert that pursuant to the Court's rules, class certification is to be determined as soon as practicable.

Further, Barbieri mistakenly presumes that tolling under this Court's Rule 23 would be statutory in nature, similar to tolling pursuant to the Federal Rules of Civil Procedure 23. 15 Cl. Ct. at 751-52. This, however, is incorrect. Federal Rule of Civil Procedure 23, with all of the other Federal Rules of Civil Procedure, was transmitted to and authorized by Congress. 28 U.S.C. § 2072. Similarly, Rule 23 of the Court of International Trade is integrated into that court's statute of limitations scheme by the express language of the relevant statute of limitations. Stone Container, 229 F.3d 1345, 1354 ("an action under 28 U.S.C. § 1581(i) 'is barred unless commenced in accordance with the rules of the court within two years after the cause of action first accrues.'" (emphasis in original)). The same, however, may not be said of this Court's

Rules. In contrast with 28 U.S.C. § 1581(i), the Tucker Act merely provides that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. Accordingly, any tolling of the statute of limitations under this Court's Rule 23 would be equitable, not statutory.

The Federal Circuit, however, has never held that 28 U.S.C. § 2501 can be equitably tolled. Martinez v. United States, 333 F.3d 1295, 1318 (Fed. Cir. 2003); Frazer v. United States, 288 F.3d 1347, 1352 (Fed. Cir. 2002). Because this statute of limitations is jurisdictional, it cannot be waived or equitably tolled. Hohri v. United States, 586 F. Supp. 769, 786 n.22 (D.D.C. 1984), aff'd (on the merits), 847 F.2d 779 (Fed. Cir.), cert. denied, 488 U.S. 925 (1988).

The Supreme Court has held that a rebuttable presumption exists that a statute of limitations applicable to suits against the United States can be equitably tolled. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990); see also Frazer, 288 F.3d at 1352. That presumption is rebutted, however, if "the claims at issue are dissimilar to claims against private parties or . . . there is good reason to believe Congress did not want the equitable tolling doctrine to apply." Frazer, 288 F.3d at 1352 (citing United States v. Brockamp, 519 U.S. 347, 350 (1997)); see also United States v. Dalm, 494 U.S. 596, 608-10 (1990); Stone Container, 229 F.3d at 1352-53. With respect to 28 U.S.C. § 2501, congressional intent is clear: equitable tolling is unavailable.

By its terms, section 2501 refers to "every claim" asserted in the Court of Federal Claims, except when the statute expressly so provides. 28 U.S.C. § 2501 (emphasis added). Moreover, the statute contains a separate three-year limitations period for persons under a disability or beyond the seas when the claim accrues, as well as two other exceptions to the general rule. 28 U.S.C. § 2501. Because Section 2501 "sets forth explicit exceptions to its basic time limits, and

those very specific exceptions do not include 'equitable tolling,'" this Court lacks authority to toll Section 2501's limitations period. See Brockamp, 519 U.S. at 351-52; see also Brice v. Sec'y of Health & Human Servs., 240 F.3d 1367, 1373 (Fed. Cir. 2001) ("When an Act includes specific exceptions to a limitations period, we are not inclined to create other exceptions not specified by Congress."); Marcinkowski v. United States, 206 F.3d 1419, 1421-22 (Fed. Cir. 2000) (refusing to apply an "equitable exception" to a tax statute of limitations); RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1462 (Fed. Cir. 1998) (prescription of a method for extending the statute of limitations in the statute "strongly implies that there are no other exceptions to the statutory period"); compare with Bailey v. West, 160 F.3d 1360, 1365-66 (Fed. Cir. 1998) (finding equitable tolling in part because the statute did "not provide its own exceptions to the general rule" and because the limitations period was triggered by a fixed "mailing date" rather than when knowledge of a claim existed). These factors clearly demonstrate Congress' intent to exempt 28 U.S.C. § 2501 from the possibility of equitable tolling.

Further, even if equitable tolling were applicable to 28 U.S.C. § 2501, the circumstances of this lawsuit would not support application of the doctrine. If equitable tolling were to apply to 28 U.S.C. § 2501, it would apply under only the limited circumstances set forth in Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990). In that case, the Supreme Court explained:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving where the claimant failed to exercise due diligence in preserving his legal rights.

498 U.S. at 96 (citing Baldwin County Welcome Cntr. v. Brown, 466 U.S. 147 (1984)). Here there is no allegation that the Government "induced or tricked" plaintiffs into filing their

complaint after the statute of limitations period. Nor can putative plaintiffs who did not opt in from the outset, and who accordingly filed no pleading in this matter, be said to have "actively pursued [their] judicial remedies by filing a defective pleading during the statutory period." Accordingly, plaintiffs have not alleged the necessary prerequisites for equitable tolling.

## III. New Plaintiffs Claims Do Not "Relate Back"

Plaintiffs also argue that their claims relate back to the filing of the initial complaint in this matter. Plaintiffs, however, have not demonstrated that there was an intimate legal relationship between the original plaintiffs and the new plaintiffs as so to permit the claims of the new plaintiffs to relate back to the claims of the original plaintiffs. Further, as this Court has acknowledged, the claims of each of the new plaintiffs arise out of separate conduct, transactions, or occurrences, despite some common issues in these cases.

The Rules of this Court allow certain claims to relate back to the date that a pleading was filed in a case. Specifically, Rule 15(c) states, in pertinent part:

> Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when . . . .
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, . . . .

RCFC 15(c).

In Snoqualmie Tribe of Indians v. United States, 372 F.2d 951, 961 (Ct. Cl. 1967), the Court of Claims observed that the "general rule . . . is that the rule of relation back does not extend to amendments that add new parties or causes of action." Accordingly, this Court has repeatedly held that "when additional parties are to be added under Rule 15(c), the new parties must bear a formal connection to the original plaintiffs apart from the shared experience of alleged government misconduct." Creppel v. United States, 33 Fed. Cl. 590, 596 (1995) (emphasis added). See also Chippewa Cree Tribe of Rocky Boy's Reservation v. United States,

69 Fed. Cl. 639 (2006). More specifically, this Court has described this formal connection as "an intimate legal relationship, such as a tribal affiliation or corporate ownership." Creppel, 33 Fed. Cl. at 596.

In this matter, the new plaintiffs cannot demonstrate that they possessed an intimate legal relationship with the original plaintiffs. The only possible connection between the new plaintiffs and the original plaintiffs is the shared experience of alleged Government misconduct, which fails to support a claim to relate back. See Creppel, 33 Fed. Cl. at 596 (geographic proximity of parcels owned by plaintiffs pursuing a Takings claim is not enough for such claims to relate back).

Plaintiffs claim that their repeated attempts at class certification created an intimate legal relationship between the parties. Pl. Mot. 3 at 13-14. Plaintiffs cite to no cases that provide that a class action creates the necessary intimate legal relationship for claims to relate back.[4] In contrast, the cases that allow claims to relate back have focused upon a pre-existing legal relationship, rather than one crafted specifically in the context of the litigation. See, e.g, Snoqualmie Tribe, 372 F.2d at 961. Even presuming, however, that a class action may create an intimate legal relationship, the plaintiffs were never certified as a class, either by this Court or the district court. Accordingly, there was and is no actual legal relationship that would support plaintiffs' claim of a formal legal relationship. To the extent that the plaintiffs assert that they were serving in a representative capacity, this is untrue. Plaintiffs hoped to be able to serve in a representative capacity, but were never certified to do so.

Further, each plaintiffs' various Back Pay claims arose out of separate conduct, transactions, or occurrences. This Court denied plaintiffs' motion for class certification in part

---

[4] In part, this may be because there is no need for claims to relate back in a class action, and in part, this may be because the traditional analysis in these situations focuses upon the question of the tolling of the statute of limitations.

because of the separate nature of the plaintiffs' claims, which will require individual proof of damages. Jaynes, 69 Fed. Cl. at 457-59.

Indeed, plaintiffs' own statute of limitation argument requires that this Court treat each claim as separate. Plaintiffs assert that each Back Pay claim accrued for a given plaintiff on an unspecified date that such plaintiff did not receive high work. The Government agrees with this characterization of the axial issues. See Batten v. United States, 597 F.2d 1385 n.10 (Ct. Cl. 1979). This would permit a plaintiff to bring suit for high pay allegedly not paid on April 14, 1994, even if a claim for high work on April 13, 1994 was barred by the statute of limitations. This is because the April 14, 1994 claim is a different claim from the April 13, 1994 claim.

For these reasons, the new plaintiffs claims do not relate back to the original date of filing for statute of limitations purposes.

## IV. In Accord With This Court's Prior Rulings, The October 28, 1994 Amendments To The CSRA Would Have An Impermissible Retroactive Effect

Plaintiffs argue that the October 28, 1994 CSRA amendments have no effect upon their claim period, because such amendments did not retroactively create a substantive right, but rather merely shifted the forum of consideration. While we would be inclined to agree with plaintiffs' argument that the CSRA amendments merely shifted the forum, with no additional substantive effects, this Court appears to have rejected such contentions, and the case law clearly provide where a statute increases a party's liability or imposes new duties, such statute is subject to the limitations on retroactive application of such statute.

In Landgraf v. USI Film Products, 511 U.S. 244 (1994), the Supreme Court held that if Congress does not clearly express a statute's proper temporal reach, a court must "determine whether the new statute would have retroactive effect, i.e., whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." Landsgraf "does not purport to define the outer limit of impermissible retroactivity," but "merely described that any such effect constituted a

sufficient, rather than a necessary, condition for invoking the presumption against retroactivity." Hughes Aircraft Co. v. United States, 520 U.S. 939, 947 (1997). While a purely jurisdictional statute that merely allocates jurisdiction generally has no retroactive effect, one that creates or increases liability can have an impermissibly retroactive effect, even if its focus is otherwise jurisdictional. Id. at 951

"If the statute has already run before the alleged tolling action commences . . . there is nothing left to toll. In other words, tolling cannot be applied retroactively to extend a limitations period that has already expired before the tolling event occurs." MacLean v. United States, 454 F.3d 1334, 1337 (Fed. Cir. 2006) (quoting Butler v. Derwinski, 960 F.2d 139, 140-41 (Fed. Cir.1992), overruled in part on other grounds by Bailey v. West, 160 F.3d 1360, 1368 (Fed. Cir.1998) (en banc).) See also Enterprise Mortg. Acceptance Co., LLC, Securities Litigation v. Enterprise Mortg. Acceptance Co., 391 F.3d 401, 409-10 (2nd Cir. 2004) (explaining that statute of limitations can take on both a procedural and substantive role and, then, holding that "the resurrection of previously time-barred claims has an impermissible retroactive effect" under Landgraf).

In the present case, article 30, section 3002 of the collective bargaining agreement in this case expressly requires that the plaintiffs notify their supervisors that they are entitled to high pay. Article 30, section 3002 requires that a grievance be initiated within 15 working days from the time the grievants knew or should have know that they were aggrieved. Accordingly, to the extent that plaintiffs presented a purely administrative claim, their claims prior to the statute would be barred as untimely. Plaintiffs have presented no evidence that they were actively pursuing any such claims.

Despite this language, the Court has held that the six-year statute of limitations governs timeliness, rather that these provisions.[5] See Jaynes v. United States, 68 Fed. Cl. 747, 756-57 (2005). Accordingly, the October 28, 1994 amendments significantly increased the Government's liability for past high work claims that otherwise would not have been timely filed pursuant to the administrative scheme. The CSRA amendments, thus, were more than a purely jurisdictional statute, but were amendments that the Court has determined increased the Government's liability for back pay that otherwise were barred by the collective bargaining agreement.

Plaintiffs' citations to other cases in this Court are unavailing. While plaintiffs are correct that this Court held in a footnote in Abramson v. United States, 42 Fed. Cl. 621 (1998) that the October 28, 1994 amendments merely shifted the forum (and therefore did not give rise to any retroactivity concerns), the Government had withdrawn its retroactivity argument, and the Court's comments are dicta. In Abbott v. United States, 47 Fed. Cl. 582 (2000), as the plaintiffs acknowledge, the Court did not discuss retroactivity, and so it can stand for nothing in this regard. The language quoted by plaintiffs from Mudge v. United States, 59 Fed. Cl. 527, 536 (2004) actually supports the Government's argument that the CSRA amendments "gave new and transformed life" to the plaintiffs' claims, rather than merely shifting the forum.

Accordingly, plaintiffs claims that date back prior to the CSRA amendments, or, in the least, any further than 15 days prior to the CSRA amendments, would violate the prohibition that a statute not be applied retroactively, and should be barred.

---

[5] The Court, however, has not held that these provisions have no relevance to the Court's assessment of plaintiffs' claims, and has relied upon other portions of the collective bargaining agreement to establish the plaintiffs' rights and obligations.

**CONCLUSION**

For the foregoing reasons, we respectfully request that the Court deny the plaintiff's third motion for summary judgment regarding the effect of the statute of limitations, and grant the Government's motion, as it applies to the statute of limitations and the effect of the CSRA amendments.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: (202) 616-2377
Fax: (202) 305-7643
Steven.Mager@usdoj.gov

OF COUNSEL:
TELIN W. OZIER
Trial Counsel
Department of the Navy
OGC, Navy Litigation Office
720 Kennon Street., SE
WNY Bldg. 36, Room 256
Washington, D.C. 20374-5013

STEVEN L. SEATON
Labor Counsel
Department of the Navy
Puget Sound Naval Shipyard
1440 Farragut Avenue
Bremerton, WA 98314-5001

November 5, 2007

Attorneys for Defendant

**CERTIFICATE OF FILING**

This is to certify that on this 5th day of November, 2007, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION NO. 3 FOR SUMMARY JUDGMENT REGARDING THE EFFECT OF THE STATUTE OF LIMITATIONS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice